Shotwell v. The State.

SHOTWELL v. THE STATE.

| 43 | 345 |
| 186 | 243 |
| 43 | 345 |
| 90 | 386 |

1. BURGLARY: *Indictment for.*

An indictment for burglary charging that the defendant "feloniously, willfully and burglariously did break and enter," is equivalent to charging in the language of the statute that he "willfully and maliciously and with force did break and enter." The word "maliciously" in the statute does not mean malice towards the owner of the house entered, but the intent from which follows the unlawful act; and the words "did break" imply force.

2. INDICTMENT : *When crime is the same by statute and common law.*

When the elements of a crime are the same by the common law and by statute, the indictment may follow either, as a general rule

3. SAME : *Burglary: Specifications of intent.*

An indictment for burglary charging that the defendant entered "with the felonious intent then and there to commit arson," sufficiently specifies the felony intended to be committed.

4. BURGLARY: *Out house.*

Any house under our statute comes within the prohibition against burglary and arson. An out-house is not necessarily within the curtilage. A house contiguous to and used in connection with a hotel, both belonging to and controlled by the same person is an out-house.

APPEAL from *Carroll* Circuit Court.

Hon. J. M. PETTIGREW, Circuit Judge.

*W. F. Pace* for appellant.

The indictment is bad because it does not set out with certainty the crime defendant is alleged to have intended to commit when entering the house.    24 *Ges.* 24; 12 *Tex-Ct. of App.*, 395; *Gantt's Dig. Sec.* 1796.    Nor does it con-tain the word "maliciously."   *Gantt's Dig. Sec.*, 1348; *Waterman's U. S. Cr. Dig. p.* 343, *Sec.*, 230; 34 *N. H.* 510; 1 *Chand.* 166.

As to what is an *out house* see *Bowvier p.* 147; *Bishop Cr. Law* vol. 3 *Sec.* 104; *Roscoe Cr. Ev. p.* 278; *Gantt's Dig. Sec.* 1795.

Malice is a necessary ingredient in the crime of burglary. *Gantt's Dig. Sec.* 1348.

*Moore,* Att'y Gen'l, *contra.*

The indictment is almost in the exact words—*mutatis mutandis*—of the indictment in *Bradley v. State,* 32 *Ark.,* 704; see also *Dodd v. State,* 33 *Ark.,* 517.

Our statute makes the breaking *or* entering " *any* house, tenement," &c. in the night time, with intent to commit a felony &c. burglary.    *Gantt's Dig. Sec.* 1348; 33 *Ark.,* 517.

By *Sec.* 1349 *Gantt's Dig.* a party may be adjudged guilty of *burglary* and of the other felony intended to be com-mitted, and if the State saw fit to indict for the *burglary* as in *Bradley v. State,* defendant cannot complain.

COCKRILL, C. J.    The appellant was indicted for burg-lary under section 1348 of Gantt's Digest.    The offense is charged to have been committed by breaking and enter-

Snotwell v. The State.

ing into "an out house commonly known as a sample room." It is urged that the indictment is insufficient because:

1. It does not charge the offence in the language of the statute, but in place of the statutory words " willfully and maliciously and with force break and enter " it substitutes the words " feloniously, willfully and burglariously did break and enter."

The offence alleged in the indictment is created by the statute and it is required that the charge should be laid in the exact words of the statute or in others that convey an equivalent idea. It is sufficient if every particular element that enters into the crime is covered by the words of the indictment.

In the use of the word "maliciously" in the statute we cannot presume that the legislature intended that malice towards the owner of the house entered, or toward any one else should become an element in the intent with which the breaking is done. The word must be understood from its *context* to be intended in its restricted legal significance which implies " the intent from which follows any unlawful or injurious act, committed without legal justification," 1 *Bishop Cr. Law Sec.* 429. It means doing a wrongful act without just cause or excuse. 2 *Bowvier L. Dict.* MALICE.

Bishop says that " maliciously " in an indictment has been adjudicated an equivalent to " willfully " in the statute. " Maliciously " is of somewhat larger meaning than " willfully," which in an indictment would not therefore supply the place, it is presumed, of maliciously in the Statute." 2 *Bish. Cr. Pr. Sec.* 43.

The intention to do the wrongful or unlawful acts of breaking and entering willfully and without legal justification, entered into the common law offence of burglary,

1. BURGLARY: Indictment for.

2. SAME: Under common law or statute.

Shotwell v. The State.

and we are of opinion that no new element has been added to the offence by the use of the word "maliciously" in the section referred to. When the elements of a crime at common law and under the Statute are the same, the indictment may follow either as a general rule. 1 *Bishop Cr. Pr. Sec.*, 612 ; *Tully v. Commonwealth*, 4 *Met.* 357 ; *Lyons v. People*, 68 *Ill.*, 271.

The terms used in this indictment would be sufficient for the common law offence, and we think they adequately describe the statutory crime.

"Force" implied. The effect of the ommission of the statutory words "with force" in this connection is immaterial. The verb "to break" which is used in the indictment implies force, and its common law meaning is well understood. In Ohio the word "forcibly" is used in the Statute where "with force" occurs in ours, and the court held that this was not intended to change the settled definition of burglary. *Ducher v. State,* 18 *Ohio,* 308.

The word "maliciously" was used in the Ohio Statute as in ours, but we are not aware that it was ever held to change any of the settled rules of burglary, though it was there very properly incorporated into their precedents for indictments.

3. Allegation of intent. 2. It is insisted that the indictment is defective, because the felony, which the accused is alleged to have intended to commit when he entered the house is not specifically described. It is alleged that the entry was made "with the felonious intent then and there to commit arson." It is well settled that the specification in such case need not be so minute as in an indictment for the actual commission of the offence. Thus in *Bradley v. State in* 32 *Ark.*, 704, where the indictment was for burglary with intent to commit rape, the court say : "It would have been sufficient to charge the defendant with

Shotwell v. The State.

entering the house of E. Sled with intent to commit a felony, to-wit, rape on the body of Mrs. Mary J. Sled."

Where larceny is the crime intended, it is generally held that something more specific than the mere name of the felony must be given, though some courts have held that no more is required. *People v. Shater*, 32 *Cal.*, 36; *Wicks v. State*, 44 *Ala.*, 398.

In case of arson there is obviously less necessity to particularize, and it is apparent that any person of common understanding would be apprised by the allegation quoted of what was intended thereby.

Exceptions were taken to the court's charge to the jury, but they are not urged here and we are unable to discover errror therein.

Appellant asked the court to instruct the jury as follows, which was refused, viz:

"One of the material allegations in the indictment is that the house described therein is an out house, and I further charge you that in contemplation of law an out house is one of a cluster of buildings connected with a building, and not separated from it by a highway, and unless you find that both have been proven beyond a reasonable doubt, you will acquit the defendant."

Any house under our Statute comes within the prohibition against burglary and arson, and it was not proper to define an out house as one within the curtilage as the appellant's prayer for instruction implies. The proof showed that the house was contigous to and used in connection with a hotel, the two belonging to and being controlled by the same person. This was enough to make it an out house. *Bishop St. Cr. Sec.*, 291.

Finding no error in the record the judgment is affirmed