LONG v. STATE.

Opinion delivered September 30, 1905.

1. EVIDENCE—OPINION OF WITNESS.—While it is admissible for witnesses in a murder case to testify that deceased had the reputation of being a quarrelsome and dangerous man, it was not competent to ask them

whether, from the reputation of the deceased, he was a person who would be likely to carry into execution a threat seriously made. (Page 494.)

2. HOMICIDE—ADMISSIBILITY OF THREATS.—An instruction in a murder case that threats do not constitute provocation for a killing, and that the only purpose for which they are admissible is to throw light on the defendant's acts at the time he fired the shot, was correct. (Page 495.)

3. SAME—REPUTATION OF DECEASED.—It was not error in a murder case to instruct the jury that "it makes no difference what the proof may show as to deceased's reputation as to being a dangerous man, provided you believe from the evidence that he was not making an attack or demonstrating on the defendant, as viewed from his standpoint at the time the shot was fired." (Page 495.)

4. INSTRUCTION—PROVINCE OF JURY.—It was not error to refuse to instruct that "it is more probable that a man of bad character will commit a crime than a man of good character." (Page 496.)

Appeal from Hempstead Circuit Court.

JOEL DYER CONWAY, Judge.

Affirmed.

*Robert L. Rogers, Attorney General,* for appellee.

Defendant, pleading to the indictment, waived all irregularities. 29 Ark. 165; 42 Ark. 94; 62 Ark. 303. The presumption is that the grand jury was properly impaneled. 60 Ark. 450.

McCULLOCH, J. This case has been before the court on a former appeal, and is reported in 72 Ark. 427. After it was remanded the defendant was put on trial in the Hempstead Circuit Court and convicted of voluntary manslaughter, his punishment fixed at two years in the penitentiary, and he again appealed to this court.

Numerous exceptions were saved to rulings of the court in the trial below, but we are not favored with an argument on behalf of the defendant pressing them upon our attention. Most of these exceptions relate to rulings of the court in giving certain instructions asked by the State, and in refusing others asked by the defendant. Upon consideration of all the instructions given and refused, we are of the opinion that no error was committed in this respect.

Defendant introduced several witnesses who testified that the deceased had the reputation of being a quarrelsome and dangerous man. His counsel then proposed to ask each of these witnesses whether, from the reputation of the deceased, he was a

person who would likely carry into execution a threat seriously made; but the court refused to permit the question to be asked. The question was not competent, as the statement sought was entirely a matter of opinion of the witnesses. We know of no principle upon which this could be admissible. In homicide cases the character of the deceased is, under some circumstances, admissible, but evidence of his disposition or inclination to do right or wrong is always rejected. Underhill on Crim. Ev. § 325.

The testimony adduced on the trial was sufficient to warrant the verdict.

We find no error, and the judgment is affirmed.

### ON REHEARING.

Opinion filed November 11, 1905.

McCULLOCH, J. Since the judgment was affirmed by this court on a former day, the appellant has appeared by counsel, asking for a rehearing, and files a brief in support of same.

He contends that the court erred in giving two instructions as follows:

"14. The only purpose for which proof of threats is permitted is to throw light on the defendant's acts at the time he fired the shot; and if you believe from the evidence as explained in these instructions that deceased was not making an attempt to shoot defendant, as viewed from his standpoint, then and in that event you will not consider threats, if proved, for any purpose; and in this connection the court instructs you that no threats, however violent, however great, are any provocation whatever.

"15. You are instructed that it makes no difference what the proof may show as to deceased's reputation as to being a dangerous man; provided you believe from the evidence that he was not making an attack, or demonstrating on the defendant, as viewed from his standpoint at the time the shot was fired, as explained in these instructions."

The effect of these instructions was to inform the jury that the only purpose for which they could consider proof of threats made by the deceased, and of the character of deceased as a dangerous man, was to determine whether or not deceased was making an attack upon the defendant at the time of the killing, or whether the defendant believed at the time that deceased was

attempting to shoot him. This is a correct statement of the law. The instructions are not aptly worded, but we think sufficiently conveyed that idea, and any defects of form should have been specifically pointed out. The jury could not have misunderstood the meaning of the court, taking into consideration all of the instructions on behalf of the State and of the defendant. The court, on motion of defendant, also instructed the jury that to constitute self defense "it is sufficient if the defendant honestly believed, without fault or carelessness on his part, that the danger was so urgent and pressing that the killing was necessary to save his own life, or prevent great bodily harm," and that it is not essential that the killing should appear to the jury to have been necessary. The court also instructed, on motion of defendant, that, if threats were made by the deceased against defendant, they might be considered by the jury in determining who was the aggressor in the difficulty.

There was no error in refusing to give instruction No. 17 ½ asked by defendant. That instruction incorrectly stated to the jury as a matter of law that "it is more probable that a man of bad character will commit a crime than a man of good character." That was a question of fact for the jury to determine, and not one of law for the court to declare. Proof tending to show the character of the defendant as a dangerous man, and of threats made against the defendant, should have been, and was, submitted to the jury, along with other testimony, to enable them to determine which of the parties to the encounter was the aggressor, and to determine whether or not the defendant acted under an honest belief that he was in danger at the time. This was as much as the defendant was entitled to, and we find no errors in the rulings of the court in either giving or refusing instructions.

Petition for rehearing denied.