RUCKER *v.* STATE.

Opinion delivered November 4, 1905.

1. SEDUCTION—CHASTITY OF PROSECUTRIX.—In a prosecution for seduction it is unnecessary for the State to allege or prove the previous chastity of the prosecutrix, but her previous unchastity may be shown as a matter of defense. (Page 25.)

2. CONTINUANCE—DISCRETION OF COURT.—It was not an abuse of discretion to refuse a continuance on account of the absence of certain witnesses from the State where permission had previously been given by the judge to take their depositions, and no reason was given why they were not taken. (Page 25.)

3. SAME.—It was not an abuse of discretion to refuse a continuance upon the ground that the prosecutrix had recently suffered from a nervous malady and had not recovered therefrom, that the importance of the case would necessitate her remaining on the stand a long time and undergoing a vigorous cross-examination, "which would excite the sympathy of the jurors for her and greatly prejudice the defendant's defense." (Page 25.)

4. SEDUCTION—GOOD FAITH OF DEFENDANT.—In a prosecution for seduction it is no defense that the promise of marriage was made in good faith and that defendant intended, at the time of the first act of intercourse, to carry out his promise, if he subsequently refused to do so. (Page 26.)

5. SEDUCTION—CORROBORATION OF PROSECUTRIX.—The prosecutrix in a seduction case is sufficiently corroborated where defendant admits the promise of marriage, and the testimony of another witness tends to prove an act of sexual intercourse between them either at the time of or subsequent to the promise of marriage. (Page 26.)

Appeal from Washington Circuit Court; JOHN N. TILLMAN, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant Wallace Rucker was indicted by the grand jury of Benton County for the crime of obtaining carnal knowledge of

an unmarried female by virtue of a false promise of marriage, and, on change of venue to Washington County, was tried and convicted, his punishment being fixed by the jury at five years confinement in the penitentiary and a fine of $100.

*Rice & Rice* and *Walker & Walker,* for appellant.

The indictment having failed to allege chastity of the woman at and prior to the alleged seduction, the demurrer should have been sustained. 71 Ark. 398.

Instruction No. 1 was too general, and authorized a conviction upon the uncorroborated testimony of the prosecutrix. 40 Ark. 482; 75 S. W. 22; 82 S. W. 652; 47 S. W. 1010; 72 S. W. 845; 85 S. W. 1147. Under the circumstances, the condition of the prosecutrix at the time of the trial, and the absence of witnesses who were evading service, it was abuse of the court's discretion to refuse a continuance. 40 Ark. 486; 34 Ark. 720; 26 Ark. 323; 22 Ark. 164.

Seduction accomplished by means other than a false or feigned promise of marriage is not criminal. 62 Ark. 145; 39 S. W. 341; 48 Ark. 193; 63 S. W. 126. It follows that if the promise was at the time made in good faith no crime was committed, and instructions 6 and 7 asked by defendant should have been given.

*Robert L. Rogers, Attorney General,* for appellee.

The alleged unsound mental condition of the prosecutrix at the time of the trial was not a ground for continuance at request of defendant. Except in case of manifest abuse the discretion of the trial court in matters of continuance will not be controlled. 71 Ark. 62.

The indictment followed the language of the statute, and an allegation of previous chastity was unnecessary. 30 Ark. 74; 73 Ark. 139.

Instruction No. 1 fairly submitted the question of corroboration to the jury. 69 Ark. 329. It is sufficient if she is corroborated in such facts and circumstances as would satisfy the jury of the truthfulness of her evidence on the principal facts. 40 Ark. 482; 25 Am. & Eng. Enc. Law, 2 Ed. 442; Hughes' Cr. Law & Pro. 552.

McCULLOCH, J., (after stating the facts.)   1.  The indict-
ment does not allege the previous chastity of the seduced female,
and appellant demurred to the indictment on that ground.  This
court recently held in the case of *Caldwell* v. *State,* 73 Ark. 139,
that in a prosecution for this offense it is unnecessary for the
State to allege or prove the previous chastity of the female, but
that the defendant can show as a defense that she was not previ-
ously chaste.  We are urged by learned counsel for appellant
to overrule that decision and hold to the contrary, but we enter-
tain no doubt of the correctness of the principles therein an-
nounced, and the same are now adhered to.

2.  Appellant filed his motion for continuance in the Ben-
ton Circuit Court, which was overruled, and a change of venue
was then granted upon his petition, thus postponing the trial
for about a month.  When the case was called for trial in the
Washington Circuit Court, he again presented a motion for con-
tinuance, so that he could procure the testimony of absent wit-
nesses.  The court overruled the motion, and that ruling is
assigned as error.  It appears that both of the absent witnesses
were out of the State, and the circuit judge had previously in
vacation, upon application of appellant, made an order allowing
him to take the depositions of the witnesses, and one deposition was
taken by appellant pursuant to this order.  No reason is given
why the depositions of other witnesses were not taken.  Contin-
uances of cases are matters within the sound discretion of the
trial court, and we see no abuse of the discretion in this case.
*Puckett* v. *State,* 71 Ark. 62.

Appellant in his motion for continuance stated as further
grounds that the prosecuting witness (the seduced female) "had
long been subject to some nervous malady causing hysterics or
mental delirium, and had recently suffered an attack from same,
and was not at the time of calling of this case for trial recovered
from such attack; that the importance of the case would neces-
sitate her remaining on the witness stand an indefinitely long time,
and undergoing vigorous cross-examination, which would excite
the sympathy of the jurors for her and greatly prejudice the de-
fendant's defense; that in fairness to him he ought not to be com-
pelled to cross-examine the prosecutrix in her present physical

condition." This states no grounds for continuation of the case. The court could not assume in advance that the woman's physical condition, or the character of the cross-examination of appellant's counsel, would be such as to excite the sympathy of the jury, and to prejudice them against him. If so, the fear of exciting sympathy for the wronged would forbid the courts from bringing to speedy trial persons accused of almost any crime. Moreover, the determination of that question fell fairly within the sound discretion of the trial court; and, as no abuse of it appears, we will not disturb its exercise.

3. Appellant asked the court to instruct the jury, in substance, that if he made the promise of marriage in good faith, and it was his intention, at the time of the first act of intercourse, to carry out his promise, he would not be guilty of seduction, even though, after the act of intercourse, he refused to carry out the promise. The court declined to so instruct, and properly so. This is not the law. A man who seduces a chaste female under promise of marriage cannot refuse to carry out his promise. Public policy forbids that he should be permitted, after committing the act of intercourse under promise of marriage, to say that he had intended to carry it out, but changed his mind and concluded not to do so.

4. It is strenuously urged that the prosecuting witness was not sufficiently corroborated, and that the verdict is not supported by the evidence.

The court properly instructed the jury that, before a conviction could be had, the testimony of the prosecuting witness must be corroborated as to the promise of marriage and the sexual intercourse. Appellant admitted the promise of marriage, and the testimony of one other witness tended to show an act of sexual intercourse between appellant and the prosecuting witness. It is contended, however, that the testimony of this witness tended to prove an act of intercourse subsequent to the first of such acts, as shown by the testimony of the prosecuting witness, and is not in corroboration of her testimony. We do not think this contention is sound. It is sufficient if it tends to show acts of sexual intercourse, whether they be the first of such acts with the accused or not, provided they be at the time or subsequent to the time of the promise of marriage.

We think the evidence was sufficient to support the verdict, and the jury were properly instructed as to the law. So the verdict will not be disturbed.

Affirmed.