## PARNELL *v.* STATE.

### Opinion delivered May 11, 1908.

1. BURGLARY—RAILWAY CAR.—Under Kirby's Digest, § 1603, defining burglary as "the unlawful entering a house, tenement, railway car or other building, boat, vessel or water craft in the night time, with the intent to commit a felony," a railway car is made the subject of burglary, as well as a house or boat. (Page 242.)

2. SAME—SUFFICIENCY OF INDICTMENT.—An indictment for burglary which alleges that the accused "unlawfully, wilfully, maliciously, feloniously and burglariously did break and enter with felonious and burglarious intent to commit a felony," etc., is sufficient, although it fails to allege that the breaking was with force. (Page 243.)

Appeal from Baxter Circuit Court; *John W. Meeks,* Judge; affirmed.

*J. B. McCaleb,* for appellant.

1. The breaking and entering a railway car with intent to commit a felony is not burglary. Compare Gantt's Digest, § § 1346, 1347, 1348, 1349 and 1350 with Kirby's Digest, § § 1603 (being § 1346, *supra,* as amended in 1875), 1604, 1605, 1606 and 1607. Railway car is mentioned only in the declarative part of the statute, as amended above, and does not appear in the penal clauses of the act. Being a penal statute, it must be strictly construed, and no case can be brought by construction within it unless completely within its words. 38 Ark. 521; 40 Ark. 99; 53 Ark. 336; 73 Ark. 602; 3 Mass. 254; 4 Mass. 439; 6 Vt. 215; 1 Payne 32; 2 Story 369; 4 Johns. 296; 8 Blackf. 163; 25 Am. & Eng. Enc. of L. (2 Ed.), 760.

2. The indictment does not charge facts sufficient to constitute the crime of burglary, in that it does not charge that the breaking was done with force. 47 Ark. 488; Kirby's Digest, § 2227.

*William F. Kirby,* Attorney General and *Dan'l Taylor,* Assistant, for appellee.

HILL, C. J.    Parnell was convicted of the crime of burglary. The indictment charged that he had broken and entered a railway car with the felonious and burglarious intent to commit a felony, to-wit, the crime of grand larceny.    It is contended that a railway car is not the subject of burglary.    The statute against burglary as first enacted was:

"Section 1.    Burglary is the unlawful entering a house, tenement or other building, boat, vessel or water craft, in the night time, with the intent to commit a felony; the manner of breaking or entering is not material, further than it may show the intent of the offender.

"Section 2.    If any person shall in the night time wilfully and maliciously, and with force, break or enter any house, tenement, boat or other vessel, or building, although not specially named herein, with the intent to commit any felony whatever, he shall be guilty of burglary.

"Section 3.    If any person shall in the night time wilfully and with or without force break or enter any house, tenement, boat or the like, with the intent to commit a felony, and shall then and there commit a felony or larceny, he shall be adjudged guilty of burglary, and also of felony or larceny, as the case may be."    Chapter 44, Revised Statutes.

The punishment was a fine and imprisonment, and thirty-nine lashes well laid on the bare back.    In 1838 this punishment was changed and made imprisonment in the penitentiary.

This statute was digested in Gantt's Digest as sections 1346, 1347, 1348, 1349.    On December 24, 1874, the General Assembly amended section 1346 of Gantt's Digest, making it read as follows:    "Burglary is the unlawfully entering a house, tenement, railway car, or other building, boat, vessel or water craft, in the night time, with the intent to commit a felony."    Acts of 1874, page 77.    These sections as amended appear as sections 1603 to 1607 of Kirby's Digest.    It will be noted that the amendment only inserted in section 1346 of Gantt's Digest a railway car as an additional place where the crime of burglary could be committed.    It was made a subject of burglary like a house or boat.

The argument is made that, a railway car not being inserted in section 1348 of Gantt's Digest (section 1605 of Kirby's Digest) as a subject of burglary, nothing was added to the crime, and that the insertion in section 1346 (1603 of Kirby's) was in the declaratory part of the statute, and not the substantive part. The error of the argument is in assuming that section 1346 of Gantt's Digest (section 1603 of Kirby's) is only declaratory or prefatory to the definitive act. That section, as originally enacted, defined the crime of burglary, and included 1347 of Gantt's Digest (section 1604 of Kirby's) as part of it, changing a common-law rule regarding it. The next two sections, with more minuteness, defined the crime and changed common law rules and added new elements. Following these four sections, which together defined burglary as a statutory crime, is the punishment prescribed for it. Some of the statute is declaratory of the common law, and some takes away common-law elements, and new features are added, and, taken together, constitute the crime of burglary in its various aspects as the Legislature saw fit to define it.

The only other matter presented is an attack upon the indictment, which does not contain the allegation that the breaking was with force.* This point was made in *Shotwell* v. *State,* 43 Ark. 345, wherein it was held that the language used in the indictment, "feloniously, wilfully and burglariously did break and enter," is equivalent to charging in the language of the statute that he "wilfully and maliciously and with force did break and enter." Chief Justice COCKRILL for the court said: "The effect of the omission of the statutory words 'with force' in this connection is immaterial. The verb 'to break' which is used in the indictment implies force, and its common-law meaning is well understood."

The court is asked to overrule this case, but the decision is right and is followed.

The judgment is affirmed.

---

*The indictment in this case alleged that the accused "unlawfully, wilfully, maliciously, feloniously and burglariously did break and enter with felonious and burglarious intent to commit a felony, to-wit, the crime of grand larceny," etc. (Rep.)