## McCarthy *v*. State.

### Opinion delivered May 10, 1909.

1. Continuances—absence of witnesses.—It was not an abuse of discretion to refuse a continuance on account of the absence of certain witnesses beyond the court's jurisdiction where it does not appear that their attendance could be procured at a future term of the court, and where the court permitted the motion for continuance to be read as evidence in appellant's behalf. (Page 386.)

2. Criminal law—quashing indictment—returning new indictment. —It is not ground for quashing an indictment that a prior indictment against the accused was quashed and a new indictment returned by the same grand jury without retaking the testimony. (Page 386.)

3. Burglary—allegation of intent.—An indictment for burglary which charges that defendant did break and enter a house owned by certain persons named, with intent to steal goods "of the value of $11.06," sufficiently charges an intent to commit a felony. (Page 386.)

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The appellant appeals from a judgment of conviction of the crime of burglary on the following indictment, omitting caption:

"The said John McCarthy, in the county and State aforesaid, on the 10th day of July, 1908, during the night time of said day, a certain house then and there situated, and being owned by Jackson & Gregory, a firm composed of C. A. Jackson and Ernest Gregory, as a storehouse, feloniously, wilfully and maliciously

did break and enter with the felonious intent, the goods, wares and merchandise of the value of $11.06, of the personal property of the said Jackson & Gregory, to steal, take and carry away, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Arkansas."

The appellant moved to quash the indictment, alleging that an indictment at the present term was found against him for the crime of burglary, which the court quashed, and then referred the case to the grand jury, which returned the present in lieu of the original indictment, and that the present indictment was found by the jury without taking any testimony, and after a majority of the grand jury who had found the first indictment had been excused from further service upon the grand jury."

The court overruled the motion. Appellant moved for a continuance, setting up that certain witnesses living in Louisiana, if present, would testify to certain facts (reciting them) that would show that appellant on the night of the alleged burglary was in Louisiana, and could not have been at the place where the alleged crime was committed, that appellant, when the first indictment was lodged against him, had subpoenas issued for the witnesses named in the motion and placed in the hands of the sheriff, who had not returned same, that appellant had used due diligence to procure their attendance, and that, if given a reasonable time, he could procure their attendance in person or have their evidence before the jury by deposition. The motion was duly verified and in proper form. The court overruled it.

The evidence tended to prove the allegations of the indictment. The court by consent instructed the jury orally, and no exceptions were saved to the charge of the court. The jury returned a verdict of guilty, assessing the punishment at three years' imprisonment in the penitentiary. The motion for new trial assigned as error the overruling the motion for continuance, and the motion to quash the indictment and the failure to sustain a demurrer to the indictment.

*Hal L. Norwood,* Attorney General and *C. A. Cunningham,* Assistant, for appellee.

1. There is no abuse of discretion whatever in the court's

action in denying the motion for continuance. Moreover, since appellant's version of what the absent witnesses would testify was introduced as evidence, he was not prejudiced. 24 Ark. 599; 19 Ark. 92; 26 Ark. 233.

2. The assignment of error as to the refusal to quash the indictment, etc., is without merit. It is settled that the return of an indictment in the manner this was returned is an irregularity merely, not approved by the court, but not ground to quash. 67 Ark. 268, 273; 83 Ark. 321; 29 Ark. 298; 63 Ark. 622;

3. The indictment was sufficient, and the demurrer was properly overruled. Kirby's Dig. § § 1603, 2227 and note, and 2243; 1 Ark. 178; 4 Ark. 58; 5 Ark. 444; 19 Ark. 613.

Wood, J., (after stating the facts). 1. The motion for continuance showed that the witnesses whose presence was desired lived beyond the jurisdiction of the court. It was not shown how the appellant could have procured their attendance at the future term of the court.

The court ordered the motion for continuance read as evidence in appellant's behalf, which gave appellant the benefit of the evidence as if it had been taken by deposition. The court did not abuse its discretion in overruling the motion for continuance. *Thompson* v. *State,* 26 Ark. 323.

2. The court did not err in overruling appellant's motion to quash the indictment. The exact point is ruled in *Hampton* v. *State,* 67 Ark. 266, where we said, quoting syllabus: "Finding a second indictment on the testimony on which the first was based, without retaking the testimony, is an irregularity merely, and not ground for reversal of a judgment of conviction, though between the finding of the first and second indictments a member of the grand jury which found the first indictment had been excused, and another juror substituted." See *Nash* v. *State,* 73 Ark. 399.

3. The indictment was sufficient. Sec. 1603, Kirby's Digest; *Id.* § 2227, note. See *Minter* v. *State,* 71 Ark. 178. The indictment charges that the intent was to steal goods, wares and merchandise of the value of $11.06, which was a sufficient charge of an intent to commit the offense of grand larceny—a felony. Kirby's Digest, § § 1821-26. See *Reed* v. *State,* 66 Ark. 110; *Shotwell* v. *State,* 43 Ark. 345; *Harvick* v. *State,* 49 Ark. 514.

Affirmed.