Burgess *v*. State.

Opinion delivered June 30, 1913.

1. APPEAL AND ERROR—VERACITY OF WITNESSES—VERDICT—CONCLUSIVE-
NESS.—In a criminal case, the veracity of the witness is concluded
by the verdict of the jury.  (Page 509.)

2. INSTRUCTIONS—CREDIBILITY OF WITNESSES—SPECIFIC OBJECTIONS.—An
instruction that "You will disregard the testimony of any witness
which you may believe to be false; and if you believe that any
witness has testified wilfully falsely to any material fact, you may
disregard the whole of the testimony of such witness, if you believe
it totally unworthy of credence," is not objectionable as telling the
jury that they might disregard all of the testimony, even though
they believed portions of it to be true; but if the instruction is so
construed, the objection should have been specifically called to
the court's attention.  (Page 510.)

Appeal from Union Circuit Court; *George W. Hays,*
Judge; affirmed.

*Charles Jacobson* and *Mahony & Mahony,* for ap-
pellant.

1. It is an essential requisite to impeaching a per-
son that the witness knows his general reputation among
his neighbors for truth and veracity, and from that
knowledge would not believe him on oath. Evidence of
particular acts  *  *  *  is not admissible. 67 Ark. 112.

2. The testimony admitted was incompetent and
prejudicial. Taken in connection with instruction 4,
given over defendant's objection, the error calls for a
reversal. 56 Ark. 226; 68 *Id.* 336; 72 *Id.* 438.

3. The letter from Kolb as corroborative of Ham-
mond's testimony was improperly refused. 77 Ark. 545.

*Wm. L. Moose,* Attorney General, *Jno. P. Streepey,*
Assistant, for appellee.

1. It was appellant's duty to call the attention of
the court to any seeming error in the court's charge. A
general objection is not sufficient. 107 Ark. 361. No
mention is made of the objectionable instructions in the
motion for new trial. 94 Ark. 390-2; 94 *Id.* 378-9.

2. The letter of Kolb was inadmissible. 97
Ark. 567.

SMITH, J. Appellant was convicted in the Union Circuit Court under an indictment charging the larceny of a promissory note of the value of $140, and the property of one Mrs. M. F. Norman. His punishment was assessed at one year in the penitentiary, and he prosecutes this appeal from that judgment. Appellant had contracted to buy a forty-acre tract of land from Mrs. Norman, for the consideration of $250, and after having made some payments, owed a balance, evidenced by the note alleged to have been stolen. Appellant had been given a bond for title to the land, and demanded a deed upon presentation of the note, under the claim that he had paid the note. The appeal questions chiefly the sufficiency of the evidence, and, while it is not altogether satisfying, it is legally sufficient to sustain the verdict. In fact, the veracity of the witnesses is the principal question in the case, but that question is concluded by the verdict of the jury, and it will serve no useful purpose to review this evidence.

The court gave an instruction on the impeachment of witnesses, which is challenged, and is said to be error calling for the reversal of the case. It reads as follows: "You will disregard the testimony of any witness, which you may believe to be false, and if you believe that any witness has testified wilfully falsely to any material fact, you may disregard the whole of the testimony of such witness, if you believe it totally unworthy of credence." Appellant insists that this instruction tells the jury that if any part of the statement of a witness is wilfully false, they may disregard it all, even though they believe portions of it to be true. The instruction does not say so, and, if it is susceptible of that construction, the fact should have been called to the attention of the court. Evidently, what the court intended to tell the jury was that, if they believed a witness had testified wilfully falsely, they could disregard such portions as they believed to be false, or they would be warranted in rejecting it all, if they did not believe any of it to be true.

There was an attempt to impeach both the State's

principal witness, and the principal witness for the defendant, and this instruction applied to each, and a specific objection should have been made to call the court's attention to the objection now urged. The rule in regard to false swearing is clearly stated in the opinion in the case of *Frazier* v. *State,* 56 Ark. 242, where an instruction was discussed, which read as follows: "If the jury find that any witness has sworn falsely to any material fact, they may, if they see proper, disregard the whole testimony of such witness." And, in discussing this instruction, Justice Hemingway said: "False swearing as to a particular fact warrants a jury in discrediting the entire testimony of a witness only when it is wilful, and the instruction is incomplete in omitting this. Moreover, the instruction might be construed as warranting a jury in disregarding testimony which it believed to be true, if it emanated from a witness who had sworn falsely to some other fact. Thus construed, it does not reflect the law, for, although a witness is found to have wilfully testified falsely to a material fact, the jury will not be warranted in disregarding other parts of his testimony which appear to be true."

The instruction complained of is not as clear as it should be, or probably would have been, if the objection now made had been made at the trial. The instruction tells the jury they may disregard the testimony of any witness, which they believe to be false, and this, of course, is true whether the witness wilfully testified falsely or not, and it further says that if the testimony was wilfully false on any material fact, the jury may disregard all of it, if they believe it totally unworthy of credence. The instruction does not authorize the jury to disregard any part of it believed to be true, but, if it is open to that construction, that fact should have been called to the attention of the court. *Schuman* v. *State.* 106 Ark. 362.

Other exceptions were saved and are argued in the briefs, but we do not regard them as of sufficient importance to discuss here, and we do not think they sustain the claim of prejudicial error.

The judgment of the court below is therefore affirmed.