## GEORGE *v.* STATE.

Opinion delivered May 23, 1921.

1. CRIMINAL LAW—EVIDENCE—INFERENCE OF WITNESS.—Where, on a prosecution for murder alleged to have been committed on a stairway, a witness who did not see the parties at the time and had no personal knowledge of their relative positions, was asked as to what the appearance of a freshly scraped place on the third step indicated, and the court properly sustained an objection, and confined his statement to what he saw; the inferences therefrom being for the jury.

2. HOMICIDE—INSTRUCTION AS TO SELF-DEFENSE.—Where in a murder
   trial the testimony warranted a finding that defendant was the
   aggressor, an instruction that if he was the aggressor he could
   not plead self-defense was not objectionable as being abstract,
   nor for failing to contain the qualification "unless he in good
   faith withdrew from the conflict as far as he could, and did all in
   his power consistent with his safety to avoid the danger and
   avert the necessity of killing the deceased;" no objection being
   taken to such failure, and the qualification being contained in
   other instructions.

3. CRIMINAL LAW—INSTRUCTIONS.—Since no instruction can declare
   the whole law in a murder case, defendant was not prejudiced
   by the action of the court in dealing with separate phases of the
   case in separate instructions.

Appeal from White Circuit Court; *J. M. Jackson,*
Judge; affirmed.

*J. N. Rachels* and *G. G. McKay,* for appellant.

The court erred in refusing to give the instructions asked by defendant. They correctly state the law of this case, the law is well settled and no citations are necessary.

*J. S. Utley,* Attorney General, and *Elbert Godwin*
and *W. T. Hammock,* Assistants, for appellee.

1. No proper objections were made nor exceptions saved to the instructions.

2. The error of excluding a statement of a witness will not be considered on appeal if appellant did not offer to show what the statement was. 88 Ark. 562; 87 *Id.* 123; 133 *Id.* 599; 93 *Id.* 410; 215 S. W. 723.

3. It is inadmissible for a defendant to prove a conversation between himself and one of his witnesses. 72 Ark. 409; 105 *Id.* 697; 125 *Id.* 189. Appellant made no offer to show what the statement or answer was.

SMITH, J.   Appellant was convicted of murder in the second degree for killing Bliss Chatman. He admits the testimony is legally sufficient to support the verdict, but insists that error was committed in excluding testimony, and in giving and in refusing instructions.

According to appellant, he and deceased were good friends prior to the time of the killing, and spent much of their time together. Appellant testified that some money and a razor and some other personal effects were stolen from a dresser in his room, and he had reason to suspect the deceased had taken them. He further testified that Chatman had made an insulting proposition to his wife; but that fact had not been communicated to him by her at the time of the killing. He went to see Chatman about the lost articles, and upon meeting him inquired, "Bliss, what do you mean—" but the question was not completed, as deceased immediately assaulted him. It is the theory of the defense that Chatman supposed appellant was inquiring about the insult to his wife, and, believing he was about to be assaulted—if not killed—he made such a vigorous assault on appellant as that appellant was compelled to shoot in his necessary self-defense, when, in fact, appellant had no purpose of provoking a difficulty, and intended by his question only to inquire about the lost articles.

The testimony on the part of the State is to the effect that appellant armed himself and went in search of Chatman, and assaulted him as soon as he found him, and killed him by shooting him.

The men met on a stairway, and a witness, Foster, was asked about a freshly-scraped place on the third step from the bottom. Foster was asked what the appearance of the place indicated, and the court sustained an objection to that question, and in doing so said: "Let the witness state what he saw." The court was correct in this ruling. The witness did not see the parties at the time of the difficulty, and had no personal knowledge of their relative positions on the stairway, and his testimony was properly confined to a statement of what he saw. The inferences deducible from the appearance of the scraped place on the step were for the jury—and not for the witness—to make.

Over appellant's objection the court gave the following instruction: "You are further instructed that,

if you find from the evidence in this case that the defendant, Lee George, was the aggressor in the difficulty, or that he mutually engaged in the difficulty, he can not plead self-defense in justification of his act in shooting and killing the deceased, Bliss Chatman.'' This was an oral instruction. In addition, there were written instructions numbered 1 and 2, which dealt with the same phase of the case. These instructions told the jury also that, if appellant was the aggressor, he would have had no right to kill the deceased; but the written instructions contained this qualification: ''Unless he in good faith withdrew from the conflict as far as he could, and did all in his power consistent with his safety to avoid the danger and avert the necessity of killing the deceased.'' The court would, no doubt, have qualified the oral instruction to conform to the written instructions, had that point been made.

But the absence of this qualification from the oral instruction does not appear to have been the ground of the objection to it. The objection is that the instructions on that phase of the case were abstract, in that there was no testimony that appellant was the aggressor. Counsel is mistaken in this contention. According to appellant's own testimony, he was hemmed in by deceased on the stairway and viciously assaulted; but the jury did not accept that version of the difficulty as the truth. As has been said, the testimony fully warranted a finding that appellant was the aggressor throughout.

Over appellant's objection the court gave an instruction numbered 3, which reads as follows: ''No. 3. You are instructed that the law has such regard for the sanctity of human life that one person may not kill another, even in his necessary self-defense, except as a last resort, and when he has done all in his power consistent with his safety to avoid the danger and avert the necessity of the killing; so, in this case, if you find from the evidence and circumstances, beyond a reasonable doubt, that the defendant could have reasonably avoided the danger to

himself and averted the necessity of killing the deceased, it was his duty to have done so.''

The objection to this instruction is that it leaves out of account the appearance of danger as appellant saw it. The instruction is a correct declaration of the phase of the case with which it dealt, and another instruction dealt with the appearance of danger as the appellant saw it and correctly declared the law in that respect.

No instruction could declare the whole law in the case, and appellant was not prejudiced by the action of the court in dealing with different phases of the case in separate instructions, inasmuch as each instruction correctly declared the law applicable to the phase of the case with which it dealt.

Appellant asked a number of instructions which were refused. But these instructions, in so far as they correctly declared the law applicable to the issues raised, were covered by other instructions which were given.

No error appearing, the judgment is affirmed.