## HAYS *v.* STATE.

### Opinion delivered December 4, 1922.

1. CONTINUANCE—ABSENT WITNESS.—Where, on a motion for continuance, it was shown that a witness was beyond the jurisdiction of the court, and no showing was made that his attendance could be procured at a future term, it was not error to deny a continuance on account of his absence.

2. CONTINUANCE—ABSENT WITNESS.—To procure a continuance on account of the absence of a witness, a definite showing must be made that he can be produced or his evidence procured at the next term.

Appeal from Lafayette Circuit Court; *George R. Haynie,* Judge; affirmed.

*McKay & Smith,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Lafayette Circuit Court of the crime of grand larceny for stealing $600 from Will Young. An appeal from the judgment of conviction has been duly prosecuted to this court.

Appellant's only insistence for reversal is that the court erred in overruling a motion for continuance of the cause to another day in the term, or to the next term of court. The cause had been continued by agreement from the February to the August, 1922, term of court and set for trial on the second Monday of said term. The witnesses, having been subpoenaed to appear at the February term, were notified by the court to appear on the second Monday of the August term. Three of appellant's witnesses did not appear. The testimony of two of them, Luther Parish and Jacob Burke, was material to his defense, and not entirely cumulative. The motion for continuance, in form, met with requirements of the law, and the absence of the witnesses was made the ground thereof.

It was shown that Luther Parish had gone to Shreveport, Louisiana, beyond the jurisdiction of the court, and no showing was made that his attendance could be procured at a future term of court. It was not error to deny a continuance on account of the absence of said witness. *McCarthy* v. *State,* 90 Ark. 384; *C. R. I. & P. Ry. Co.* v. *Harris,* 103 Ark. 509.

The whereabouts of Jacob Burke was not definitely shown. L. A. McLendon, a deputy sheriff, testified that some of them told him the witness was working for the Rock Island at Little Rock. A definite showing should have been made by appellant that the absent witness was within the jurisdiction of the court. Unless the witness was in Arkansas, it was not within the ability of appellant to produce him at the next term of court. In order to procure a continuance on account of the absence of a witness, a defendant must make a definite showing that he can produce the witness or procure his evidence at the next term of court. *Striplin* v. *State,* 100 Ark. 132.

No error appearing, the judgment is affirmed.