BUTLER *v.* STATE.

Crim. 3989

Opinion delivered June 1, 1936.

*H. S. Grant,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

MEHAFFY, J. The appellant, Bert Butler, was indicted, tried and convicted in Jackson county, Arkansas, of the crime of grand larceny, and there was a second count in the indictment, charging the appellant with receiving stolen property. The first count in the indictment reads as follows:

"The grand jury of Jackson County, in the name, and by the authority of the State of Arkansas accuse Bert Butler, Oscar Butler and M. B. Maples of the crime of grand larceny, committed as follows, to-wit: 'The said Bert Butler, Oscar Butler and M. B. Maples in the county, district and State aforesaid, on the .......... day of December, A. D. 1935, 15 hogs, the property of Ernest Eden, did unlawfully and feloniously take, steal, and carry away, with the unlawful and felonious intent then, and there to deprive the true owner of his said property as aforesaid and against the peace and dignity of the State of Arkansas'."

As to the second count, which charged appellant with receiving stolen property, the court directed the jury to disregard this charge, and try appellant alone on the first count. The jury returned a verdict of guilty on the first count, fixed his punishment at two years in the penitentiary, and judgment was entered accordingly.

To reverse this judgment, this appeal is prosecuted.

Appellant first contends that there is no evidence that shows that the hogs in question belong to Ernest Eden, alone. Ernest Eden testified that they were his hogs, and that they found them at the appellant's place, and that he, Ernest, now has them in his possession. Ernest Eden is the son-in-law of Mr. Arnold, and they had hogs that ran together, but the hogs that appellant was charged with stealing belonged to Eden and not to Arnold. Eden further testified on cross-examination, that he and Arnold had hogs together, but that the hogs that he was claiming were stolen, were his.

Arnold testified that the hogs which they found at appellant's place belonged to Eden. He testified that they were Eden's hogs. He said: "The whole bunch there was Ernest Eden's." His testimony shows that he and Eden both had hogs, and that he looked after them, but that the hogs in question belonged not to him, but to Ernest Eden.

It is argued by appellant, however, that because Eden did not assess any hogs in Lawrence county, that he is estopped from claiming the hogs. It may be that Eden wrongfully failed to assess hogs, but whether he did or not, is wholly immaterial. If they were his hogs that were stolen, whoever stole them would be guilty of larceny whether they had been assessed or not. Some witnesses testified that Arnold's reputation was bad, but these questions as to the credibility of the witnesses, whether they should be believed or not, were questions for the jury, and the jury's verdict finding that the hogs belonged to Eden is conclusive here. We do not pass on the credibility of witnesses, nor the weight of their testimony.

Several witnesses testified about the confession made by appellant. It is urged by appellant that this evidence

was incompetent. The court, however, properly and fully instructed the jury, not only as to the admissibility of the testimony, but as to all the issues in the case, and no objection was made to any of the instructions given by the court.

The evidence showed that the officers and others found the hogs belonging to Eden at appellant's home; that the marks had been changed; that some of the hogs had been killed, and they found the meat in appellant's house; and that appellant claimed he did not know the meat was there. There is no dispute or conflict in the evidence as to finding the hogs and meat at appellant's house.

All questions of fact were properly submitted to the jury, and we are bound by the jury's finding.

We find no error, and the judgment of the circuit court is affirmed.