BROWN *v.* STATE.

4373          185 S. W. 2d 274

Opinion delivered February 12, 1945.

*Carroll W. Johnston* and *Charles L. Farish,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

Robins, J. Appellant, charged by information with the crime of murder in the first degree, alleged to have been committed by shooting his wife, Bertha Brown, to death, was convicted by a jury of voluntary manslaughter. He seeks to reverse the judgment of the circuit court sentencing him, in accordance with the verdict, to imprisonment in the penitentiary for a term of two years.

For grounds of reversal appellant argues: I. That the lower court erred in overruling his motion for continuance; II. That the lower court should have sustained appellant's oral motion praying that the jury be discharged and a mistrial declared because of the fact that, though appellant was a negro, no negroes had been summoned "for jury service in connection with the trial of this case  .  .  ." or "for service on the regular panel"; and III. That the verdict is contrary to the evidence.

## I.

The killing occurred on April 9, 1944. The information against appellant was filed by the prosecuting attorney on the following day. Appellant was arraigned and entered his plea of not guilty at which time his case was set for trial on April 25, 1944, and appellant was granted bail in the sum of $3,000, which he furnished. On April 24, 1944, appellant filed a motion for continuance on the ground that a material witness, Elihu Gaylord, by whom alone appellant alleged he could prove that his deceased wife, shortly before the killing, made threats against appellant, was overseas in the United States army. The court granted appellant's motion for continuance and set the case for trial at the October term, at the same time granting leave to appellant to take the deposition of Elihu Gaylord. On October 5, 1944, appellant again moved for continuance on account of the absence of Gaylord, who was said then to be outside the jurisdiction of the court and whose whereabouts was unknown to appellant. This motion for continuance was denied.

The matter of granting or refusing a continuance is largely within the discretion of the trial court, and it

is only in cases where it appears that the lower court has abused its discretion that this court will reverse because a continuance was not granted.

The lower court granted one continuance to enable appellant to obtain the testimony of Gaylord, and it was not shown, when the motion for continuance was renewed, that Gaylord's attendance could ever be obtained. The trial court did not abuse its discretion in denying appellant's request for a second postponement of the case. *Rucker* v. *State,* 77 Ark. 23, 90 S. W. 151; *McCarthy* v. *State,* 90 Ark. 384, 119 S. W. 647; *Bruder* v. *State,* 110 Ark. 402, 161 S. W. 1067; *Hays* v. *State,* 156 Ark. 179, 245 S. W. 309; *Adams* v. *State,* 176 Ark. 916, 5 S. W. 2d 946; *Jones* v. *State,* 205 Ark. 806, 171 S. W. 2d 298.

## II.

Assuming, without deciding, that appellant's motion to discharge the jury was sufficient to charge discrimination against appellant in violation of the Fourteenth Amendment to the Federal Constitution, this motion was not filed in apt time. The record recites that appellant waived drawing of the jury and made no objection to the panel until after the trial jury was selected and sworn. It was too late then for him to raise any question as to the method used in selecting the jurors. *Brown* v. *State,* 12 Ark. 623; *Whitehead* v. *Wells,* 29 Ark. 99; *Bowen* v. *State,* 205 Ark. 380, 168 S. W. 2d 836. "If the defendant desired to assert his right to have it judicially determined whether the jury was selected without discrimination on account of race or color, such right should have been asserted before accepting the panel. . . . Timely and appropriate procedure must be invoked in asserting race discriminations . . ." *Washington* v. *State,* 95 Fla. 289, 116 So. 470 (writ of certiorari denied 278 U. S. 599, 73 L. Ed. 528, 49 S. Ct. 8).

## III.

The testimony of Lula McDaniels, mother of the slain woman, was to the effect that her daughter, Bertha, estranged from appellant, was staying at Lula's home,

and that appellant came there about seven o'clock in the evening; that he tried to persuade Bertha to return to him, which she refused to do; that appellant went away and returned about 8:30 p.m., at which time he demanded that his wife open the door, and when she failed to do so he "broke in" and began beating Bertha; that Bertha begged him to let her alone; that Lula told appellant not to hit Bertha any more and that appellant thereupon shot Bertha. The bullet took effect in her neck and death resulted instantly.

No witness, other than Lula McDaniels and appellant, testified as to the circumstances surrounding the killing. Appellant's version was that he had decided to leave town and went to see his wife in an effort to get her to turn over to him a pistol which he wanted to pawn; that when he entered the room he attempted to take the pistol from his wife and in the ensuing struggle the pistol was discharged; that he had no intention to hurt his wife in any way; that after the shooting he went to the nearby home of a white man, whom he told that he "thought he had shot Bertha," and to whom he surrendered the pistol.

The testimony of Lula McDaniels, if true, was sufficient to authorize conviction of even a higher degree of homicide than that of which appellant was found guilty. The trial court told the jury that if the defendant, "by accident or misadventure and not intentionally, while acting with due caution and circumspection and not in a reckless or careless manner, shot and killed Bertha Brown, then he would not be guilty of an unlawful homicide and you should acquit him." It was the sole province of the jury to determine which of the two versions of the tragedy they would accept. They saw fit to believe Lula McDaniel's story rather than that of appellant; and the jury's finding, supported as it is by substantial testimony, is binding on us. *Pleasant* v. *State,* 15 Ark. 624; *Delk* v. *State,* 83 Ark. 631, 102 S. W. 1111; *Burgess* v. *State,* 108 Ark. 508, 158 S. W. 774; *Little* v. *State,* 111 Ark. 640, 165 S. W. 256; *Baine* v. *State,* 132 Ark. 416, 200 S. W. 999; *Satterwhite* v. *State,* 139 Ark. 605, 214 S. W.

44; *Jones* v. *State,* 149 Ark. 670, 215 S. W. 655; *Butler* v. *State,* 192 Ark. 802, 95 S. W. 2d 636.

No error being shown in the record, the judgment of the lower court is affirmed.