BINGLEY *v.* STATE.

5059                                363 S. W. 2d 530

Opinion delivered January 7, 1963.

[Rehearing denied February 4, 1963.]

*L. M. Alexander* and *W. M. Herndon,* for appellant.

*Frank Holt,* Atty. General, by: *Jack Holt, Jr.,* Asst. Atty. General, for appellee.

JIM JOHNSON, Associate Justice. Appellant, Isiah Bingley, was charged by information with the crime of first degree murder for the killing of Henry L. Thomas. Appellant was tried by a jury, found guilty of the crime of voluntary manslaughter and sentenced to seven years in the state penitentiary. From such judgment comes this appeal.

For reversal, appellant argues that (A) there was no substantial evidence to sustain the jury verdict; (B) that the trial court erred in refusing to instruct the jury on involuntary manslaughter; and (C) that there was an irregularity in the filing of the information by the deputy prosecuting attorney which would render the information void under Amendment 21 of the Arkansas Constitution.

Ark. Stats. § 41-2208 is as follows:

"Voluntary manslaughter defined.—Manslaughter must be voluntary, upon a sudden heat of passion, caused by a provocation, apparently sufficient to make the passion irresistible."

The evidence is amply sufficient to support the jury's finding of guilt. In fact the evidence would have supported a finding of a more severe degree of homicide. It is not necessary in the case at bar to view the evidence in the light most favorable to the state, as we must on appeals of convictions of violations of criminal statutes, *Spears* v. *State,* 173 Ark. 1071, 294 S. W. 66; *Brown* v. *State,* 208 Ark. 180, 185 S. W. 2d 274; *Coffer* v. *State,* 211 Ark. 1010, 204 S. W. 2d 376; *Grays* v. *State,* 219 Ark. 367, 242 S. W. 2d 701; to conclude that there is substantial evidence to sustain the jury verdict.

This appellant, who incidentally was college educated, armed himself with a .45 caliber army automatic pistol and visited Willie's Cafe, a Negro beer tavern on Washington Avenue in the City of North Little Rock. This was on a Friday night and the place was crowded. By his own testimony, appellant came out of the rest room into the patron's area of the cafe and was there talking to a friend when the deceased, Henry Thomas, touched him on the shoulder and engaged him in conversation. An argument ensued, between deceased and appellant, and, again by his own testimony, appellant believing that Thomas was about to pull a gun on him, drew his own gun from his pocket and fired two or three shots at deceased. The deceased died several days thereafter from a bullet wound and two other patrons suffered minor bullet wounds. Appellant left the scene of the shooting and was not picked up by the officers until sometime later. Appellant admitted lying to the officers and the inconsistencies in his statements, to say the least, were enough to cause a jury to question the veracity of his testimony. Out of all the people who were crowded into this place on the night of this shooting, not one testified in support of appellant's version of how the

shooting occurred. To the contrary, all of the testimony was to the effect that the deceased was not drunk, had used no loud or profane language, made no threats, was not in a belligerent mood. None of the witnesses testified to any misconduct on the part of Thomas. Not one witness testified that he saw a gun or any other weapon on Thomas either before or after he was shot. In fact, there was testimony which would have supported a conclusion that the deceased was shot while leaning upon a table with both hands, talking to a patron of the tavern.

Josie Carter, one of the patrons who was hit by a stray bullet, testified that appellant offered to pay her doctor bill, stating, "I didn't go to shoot you." However when she asked, "Why did you shoot that other boy?", appellant replied, "I meant to shoot him."

The state of the record being thus, it cannot be said that the trial court erred in giving an instruction on first degree murder and in refusing to give an instruction on involuntary manslaughter.

As to the question of whether the information was void under Amendment 21, it is admitted that the name of the prosecuting attorney was written on the information with a typewriter, followed by the typewritten word "by" and then signed by the deputy prosecuting attorney. Appellant contends this was error.

Section I of Amendment 21 is as follows:

"Prosecution by Indictment or Information. All offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting Attorney."

In *Johnson* v. *State,* 199 Ark. 196, 133 S. W. 2d 15, this court held:

"It will be observed that the prosecuting attorney, in filing information, takes the place of the grand jury. It has been said that this is a great power carrying with it possibilities of great oppression if improperly used. There is some conflict in the authorities, but we are of

opinion that under the above amendment to the Constitution [Amendment 21, *supra*], information charging one with a crime must be filed *in the name of the prosecuting attorney*. It is true that it is generally said that a deputy prosecuting attorney, legally appointed, is generally clothed with all the powers and privileges of the prosecuting attorney, but he must file the information *in the name of the prosecuting attorney.* In other words, it is the prosecuting attorney that is given the authority to file information, and not the deputy prosecuting attorney. The deputy, of course, may file information *in the name of the prosecuting attorney,* but he signs the name of the prosecuting attorney, and then his name as deputy." [Emphasis ours.]

In our view, there is no real distinction or deviation from normal practice in typing the name of the prosecuting attorney rather than writing it. *Lesser-Goldman Cotton Co.* v. *Hembree,* 163 Ark. 88, 259 S. W. 5; *Leach* v. *Bald Knob State Bank,* 163 Ark. 91, 259 S. W. 3. There is certainly no misuse of power for a deputy to file informations in the name of the prosecuting attorney, nor in the case at bar was there any action by the deputy repugnant to the holding in *Johnson* v. *State, supra.* The irregularity which the court spoke against in that case was the deputy's signing his own name rather than that of the prosecuting attorney. We concede that this practice would be error but such is not the situation in the present case. Here the name of the prosecuting attorney rather than the deputy appeared in the information and the deputy merely signed for him in compliance with Amendment 21.

From what has been said relative to the points argued, and after a careful consideration of the assignments not argued, we find no error. The judgment is therefore affirmed.

Mr. Justice HOLT disqualified.