FLAKE *v*. STATE.

Opinion delivered November 27, 1922.

1. CRIMINAL LAW—DEFENSES UNDER PLEA OF NOT GUILTY.—Under the general plea of not guilty, the accused may avail himself of any defenses which the testimony tends to establish.

2. HOMICIDE—DEFENSES.—In a prosecution for murder, in which the defendant entered a plea of not guilty, and in which there was testimony tending to establish the defenses of insanity and self-defense, the defendant was entitled to have both defenses submitted to the jury.

3. HOMICIDE—SELF-DEFENSE AVAILABLE TO INSANE PERSON.—In a murder prosecution an insane person may avail himself of the plea of self-defense if the testimony tends to prove that he acted in self-defense.

4. HOMICIDE—DECLARATIONS OF ACCUSED—ISSUE OF SELF-DEFENSE.—In a trial for murder, in which the statement of defendant that he killed deceased in self-defense was admitted on the issue of whether the defendant killed the deceased, the defendant was en-

titled to have the jury consider the declarations on the issue of self-defense, and refusal to submit that issue was error.

5. HOMICIDE—INSTRUCTION AS TO MANSLAUGHTER.—Where the court admitted a statement by defendant that he hit the deceased because deceased hit him with an ax, and that he killed deceased in self-defense, refusal to submit the issue of voluntary manslaughter was error.

6. CRIMINAL LAW—CONFESSION—INSTRUCTION.—In a murder trial in which a confession by defendant was introduced, it was error to refuse to instruct the jury to disregard such confession if, by reason of his mental condition or drugs he had taken, defendant did not know what he was saying at the time he made the confession, where there was testimony upon which to predicate such instruction.

Appeal from Faulkner Circuit Court; *George W. Clark*, Judge; reversed.

*R. W. Robins* and *R. G. Bruce,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* for appellee.

WOOD, J. The appellant was indicted for the crime of murder in the first degree in the killing of Wallace Wilson. Appellant entered his plea of not guilty, and at the trial testimony was adduced by the State which warranted the jury in finding that the appellant killed Wallace Wilson. There was testimony to the effect that on Thursday morning, October 6, 1921, appellant and Wilson went to a woods-lot near appellant's home; that in an hour or two appellant returned and told his sister, the wife of Wilson, that Wilson had decided to leave the country. On the following Saturday the appellant attempted to commit suicide by taking poison. He informed his relatives that he had taken the poison and told them that he wanted to die, and resisted their efforts to give him an emetic. They finally forced him to take it and thus saved his life. Appellant was dangerously ill from the effects of the poison for about a week.

One of the witnesses testified that he was at appellant's house after he took the poison, and appellant was talking about wanting to die, and the doctors were giving him an emetic. After appellant had taken the poison

he stated that he had killed Wallace Wilson with an ax; that Wilson had attacked him with an ax, and he knocked Wilson's lick off and struck Wilson a hard blow. He stated that he did it in self-defense.

·It was first thought by those in attendance upon him that these declarations were the result of delirium, but in making a search for the vessel that appellant had taken the poison from, a note was found which the proof tended to show was in appellant's hand-writing, and was as follows: ".You will find me dead. I taken Edna's load, and it is too heavy for me to bear. You will find him on the island. Don't bury me close to him. God save mother and the kids." A search was made for the body of Wilson, and a body was found which was sufficiently identified as that of Wilson.

It could serve no useful purpose to set out in detail and discuss at length the testimony on the issue as to whether or not appellant was insane at the time of the alleged killing of Wilson. Suffice it to say there was testimony which warranted the court in submitting to the jury the issue as to whether or not appellant was insane at the time of the alleged killing, and this issue was correctly submitted under instructions which announced the law in conformity with the decisions of this court in *Bell* v. *State*, 120 Ark. 530; *Hankins* v. *State*, 133 Ark. 38; *Kelly* v. *State*, 146 Ark. 509; *Woodall* v. *State*, 149 Ark. 33, and *Sease* v. *State*, 155 Ark. 130.

Under the general plea of not guilty the appellant had the right to avail himself of any defenses which the testimony adduced in the cause tended to establish. As we have said, there was testimony on behalf of the appellant which tended to prove that the appellant was insane at the time of the killing. There was also testimony that would warrant a finding that he was not insane, which made the issue of his insanity one for the jury. There was testimony on behalf of the appellant also which tended to prove that he killed Wilson in self-defense. The appellant had the right to go before the jury on the issue as to whether or not he was insane

at the time of the killing and also whether or not the killing was done in self-defense. These positions in a criminal case, under the plea of not guilty, are not inconsistent in the sense that, if the appellant avails himself of one, he cannot avail himself of the other.

The principle is decided in *Gibson* v. *State,* 135 Ark. 520-526, where we said: "The defendant did not admit the killing, but, upon the contrary, denied it, and it appears that the trial court took the view that, under those circumstances, there could be no question of self-defense. There appear to be cases which so hold, but in nearly, or quite, all of them there was an entire lack of evidence that the killing was justifiable. The proper rule appears to be that where there is evidence that would support a finding of self-defense, the instruction should cover that feature of the case, notwithstanding the defendant's testimony that he did not do the killing."

As we view the testimony of this record, it was an issue for the jury to determine whether or not appellant was insane at the time of the killing, or whether or not, sane or insane, he killed Wilson in self-defense. Even an insane man may avail himself of the plea of self-defense if the testimony tended to prove that he acted in self-defense. Now the testimony of the State tending to prove the declarations of the appellant to the effect that he killed Wilson, and did it in self-defense, were in the nature of confessions. The court permitted these confessions to go to the jury, and under the testimony we are convinced that it was an issue for the jury as to whether the confessions emanated from a conscious mind, and therefore whether they were freely and voluntarily made. The jury might have so found, and doubtless did find that the confessions were free and voluntary in determining that appellant killed Wilson. Having permitted the confessions to be submitted to the jury in determining whether or not the appellant killed Wilson, the court should have allowed the jury also to consider them in determining whether or not the killing

was done in self-defense. *Fraser* v. *State,* 42 Ark. 70; *Williams* v. *State,* 69 Ark. 599.

. The court therefore erred in refusing appellant's prayer for instruction on the issue of self-defense, and also in refusing appellant's prayer for instruction on voluntary manslaughter. By refusing these prayers the court virtually eliminated that part of appellant's confession in which he stated that he hit Wilson, and hit him hard, because Wilson struck him with an ax, and that he killed him in self-defense.

The appellant also asked the court to give the following instruction: ''XI. The court instructs the jury that if you find from the evidence that at the time the defendant made the confession as to the killing he was, by reason of his mental condition or drugs he had taken, not of sound mind, or in such a state of mind as to not know what he was doing or saying, then you should disregard said confession entirely and not consider it as evidence in this case.''

. As we have shown, although the court admitted the testimony of appellant's confession to go to the jury, it was still proper for the court to submit to the jury the issue as to whether or not the appellant made the confession freely and voluntarily, which of course he could not have done if he were so crazed from medicine or disease that he was unable to realize what he was doing and saying. There was testimony upon which to predicate prayer for instruction No. 11, and the court erred. in not granting it.

Other errors are assigned, but the above are the only reversible errors we find in the record. For these the judgment must be reversed and the cause remanded for a new trial.