FLAKE *v.* STATE.

Opinion delivered November 26, 1923.

1. CRIMINAL LAW—CREDIBILITY OF WITNESSES—INSTRUCTION.—An instruction authorizing the jury to disregard all the other testimony of a witness who has sworn falsely to any material fact, without regard to whether the jurors believe such other testimony to be true or false, *held* reversible error where specific objection is made.

2. HOMICIDE—INSTRUCTION ON APPARENT DANGER.—Where, in a prosecution for murder, the defendant's testimony, if believed by the jury, warranted a finding that deceased had struck at defendant with an axe at the time defendant killed the deceased, an instruction on apparent, as distinguished from real, danger was properly refused.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; reversed.

　　*R. W. Robins, R. G. Bruce,* for appellant.

　　*J. S. Utley,* Attorney General, *John L. Carter,* Assistant, for appellee

　　WOOD, J. This is the third appeal in this case. *Flake* v. *State,* 156 Ark. 34; *Flake* v. *State,* 159 Ark. 37. The facts developed by the testimony at each of the trials are substantially the same. For a statement of these facts see *Flake* v. *State,* 156 Ark. 34. The law of the case is thoroughly settled and announced in the opinions on former appeals.

　　At the last trial the court gave the following instruction on the subject of the credibility of witnesses: "Now the law constitutes you the sole and exclusive

judges of the weight and credibility of these witnesses; that is the province of the jury and not the court, to weigh this testimony. You determine the weight and credit that you will attach to the testimony of any witness who has testified in this case, by considering his demeanor upon the witness stand before you, the interest that he may manifest, if any be shown, in the result of your verdict, the reasonableness or absence of the reasonableness of the statements that he makes to you while under oath before you as a witness, the friendship for or bias or prejudice against the accused that may be manifested by such witness, and by these rules of law it is for you to determine just what weight and what credit you will attach to the testimony of each and every witness who has testified in this case. Weighed by these rules of law, if you find that any witness has wilfully sworn falsely to any material facts necessary to a determination of the issues raised by the return of the indictment and the different pleas interposed by the defendant, then you may disregard the testimony of such witness entirely, or you may believe that part which appears to you as being reasonable and true, which is corroborated or may have been corroborated by the testimony of other witnesses in whom you believe, and reject that part which you find unworthy of your belief. In other words, you can believe in whole or in part, just as the testimony of each witness has impressed you, weighed by these rules of law that I have declared to you in this case.''

The appellant made a general objection to this instruction at the time it was offered, and also objected specifically to ''that part of the instruction that told the jury that, if they found that any witness had wilfully sworn falsely to any material fact, they might disregard the testimony of such witness in whole or in part.''

In *Taylor* v. *State*, 82 Ark. 540-545, an instruction was given which contained language substantially the same as that quoted above. Commenting upon this lan-

guage, Judge RIDDICK, speaking for the court, said: "This, in effect, tells the jury that, if a witness has wilfully sworn falsely to any material fact, the jury may disregard his entire testimony, even though they should believe part of it to be true. But the jury has no right to reject any material testimony they may believe to be true. If a witness testified to a wilful falsehood in reference to a material fact, the jury should take that into consideration in weighing other portions of his testimony; and if they conclude that none of his testimony is worthy of belief, they should reject it; but they have no right to reject any truthful statement simply because the witness has told a falsehood about something else. It may happen that a witness, because he wishes to shield himself, or for some other reason, may fail to tell the whole truth, may be guilty of a wilful misrepresentation as to his own interest in or connection with the crime, and yet, as to other facts throwing light on the crime, he may give evidence of the greatest importance. The jury, after being satisfied that he has sworn falsely as to any material matter, should scrutinize his other statements with great caution before accepting them as true; but, when once they become convinced that he has told the truth, they should not reject it." While thus condemning the instruction because of similar language and the same purport of that above quoted, the court did not reverse the judgment because of the error in giving the instruction containing the above language. The court said: "But, while this instruction was not strictly correct, there was no objection to it, and the language used was probably the result of inadvertence or oversight, which did no harm."

In the case of *Griffin* v. *State,* 141 Ark. 43-45, in construing an instruction couched in somewhat similar language to that under review, we said: "Taking the instruction as a whole, its purpose, as we view it, was to tell the jury that, if they believe that any witness had wilfully testified falsely to any material fact in the case,

they were at liberty to disregard the whole of such testimony if they believed the same to be false, or any part of the same which they believed to be false." In that case there was no specific objection to the instruction offered. Concerning this, we said: "If counsel conceived, at the trial of the cause, that the instruction is open to the suggestion which he here urges against it, it was his duty to have called the attention of the trial judge to such instruction by a specific objection. If they had done this, the court doubtless would have so framed the instruction as to have contained the exact language the omission of which, they now insist, renders the instruction erroneous. The instruction is not one so inherently defective as to fall under the condemnation of being an erroneous and misleading declaration of law. In the absence of specific objection, the giving of the instruction as written was not a reversible error."

In *Johnson* v. *State,* 127 Ark. 516-532, the appellant asked the court to give an instruction similar in purport to that under review, which the trial court refused. This court held that the instruction, taken as a whole, was not the law, and that the trial court did not err in refusing to grant it.

In *Johnson* v. *State,* 120 Ark. 193-203, an instruction was given containing similar language to that in the first part of the instruction under review, and we refused to reverse the judgment because of such ruling. There was no specific objection calling the court's attention to the particular defects complained of.

In *Bruder* v. *State,* 110 Ark. 402-410, an instruction was given containing three paragraphs on the subject of impeachment and credibility of witnesses, and concluded with the following language: "If the jury believe any witness has sworn falsely to any material fact, they may disregard the whole or any part of his testimony." While condemning this language, we held that it was not reversible error, because no specific

objection was made to such paragraph. There was a general objection to the instruction as a whole.

In *Burgess* v. *State,* 108 Ark. 508, an instruction was given on the subject of impeachment and credibility of witnesses, and we held that the instruction was not reversible error because its language was not objectionable, and there was only a general objection made to the instruction.

In *Bloom* v. *State,* 68 Ark. 336, the following instruction was given: "If you believe that any witness has sworn falsely as to any material fact, you are at liberty to disregard his entire testimony, or you may receive that portion you may believe to be true, and reject that you may believe to be false." The court held that the giving of the above instruction was error, and reversed the cause. The court said: "The instruction is erroneous and prejudicial, according to the decision in the case of *Frazier* v. *State,* 56 Ark. 244, which holds that, before you can disregard the testimony of a witness for false swearing, the false swearing must be wilfully done."

In the last two cases we quoted the following language from the opinion of Judge HEMINGWAY in the case of *Frazier* v. *State, supra:* "False swearing as to a particular fact warrants a jury in discrediting the entire testimony of a witness only when it is wilful, and the instruction is incomplete in omitting this. Moreover, the instruction might be construed as warranting a jury in disregarding testimony which it believed to be true, if it emanated from a witness who had sworn falsely to some other fact. Thus construed, it does not reflect the law, for, although a witness is found to have wilfully testified falsely to a material fact, the jury will not be warranted in disregarding other parts of his testimony which appear to be true." But the court did not reverse the judgment in the Frazier case on account of the error in giving the instruction.

Therefore, the effect of all these holdings of our court is that an instruction couched in language like that here under review, or of the same purport, does not strictly and accurately state the law, but the refusing of such an instruction is not reversible error, because it is not error for the trial court to refuse an instruction that does not correctly declare the law. And the giving of such an instruction is not error in the absence of an objection calling attention to the specific language to which the objection is made and which is claimed to be erroneous and misleading. The appellant specifically called the attention of the trial court to such language of the instruction under review. It was therefore the duty of the trial court, under the rule established by the above decisions, to have the instruction corrected so as to meet these objections and to frame the instruction in conformity with the law as declared in the above decisions. Where a specific objection is offered, as was the case here, the jury should be plainly told that, if they find that any witness has wilfully sworn falsely to any material fact, they may disregard the whole of his testimony if they believe same to be false, or any part of the testimony of such witness which they believe to be false; but if they believe that any portion of the testimony of a witness is true, they should not ignore or reject such portion, even though they believe that the witness has wilfully sworn falsely to some other material fact in the case. It follows that the court erred in giving the instruction under consideration.

2. The appellant contends that the court erred in giving instructions which ignored the right of appellant, in self-defense, to act upon the circumstances as they appeared to him, and in refusing the prayer of appellant in which he asked the court to tell the jury that he had such right, if, without fault or carelessness on his part, he honestly believed that he was in danger of death or great bodily harm at the hands of the deceased. The court did not err in its ruling on this phase of the case,

because the undisputed evidence, as we view the record, did not raise the issue as to whether the appellant acted upon appearances. The testimony of the appellant, which was all the testimony bearing on that issue, was to the effect that, immediately prior to his striking the deceased, the deceased struck at him with an axe, and he knew that the deceased was going to kill him unless he did something. He said, "I knew he was going to kill me; he dropped his saw, turned on me with the axe, and I think it was time to do something." This testimony, if believed by the jury, warranted a verdict of not guilty on the ground that appellant acted in the face of a real and not an apparent danger. The deceased, if the appellant told the truth, was attacking appellant with an axe at the time he struck the fatal blow. Therefore instructions on the issue of appearances or an apparent danger would have been abstract. The instructions of the court fully and correctly declared the law of self-defense applicable to the facts of this record. See *Pendergrass* v. *State,* 157 Ark. 364, at pp. 377-78.

3. The instructions of the court on the defense of insanity were likewise correct. They conformed substantially to the doctrine of this court on that subject in the cases of *Bell* v. *State,* 120 Ark. 530-538; *Hankins* v. *State,* 133 Ark. 38; *Kelley* v. *State,* 146 Ark. 509; *Woodall* v. *State,* 149 Ark. 33.

4. Counsel for appellant have not insisted in their brief that the ruling of the court in giving its instruction No. 9, on its own motion, on the subject of reasonable doubt, is a reversible error. But in view of a new trial, inasmuch as the same instruction might be given again, we deem it proper to call attention to the fact that an instruction substantially in this form has been condemned in the case of *Darden* v. *State,* 73 Ark. 315-320, and also in *Gilcoat* v. *State,* 155 Ark. 455. In the latter case it was expressly held reversible error to give such an instruction.

For the error indicated in giving the instruction on the subject of the credibility of witnesses the judgment is reversed, and the cause remanded for a new trial.