REED *v.* STATE.

Opinion delivered January 14, 1899.

1. INDICTMENT FOR BURGLARY—DESCRIPTION OF HOUSE.—In an indictment for burglary it is sufficient to describe the house alleged to have been entered as situated in the county and state of the venue and being used and possessed by one H. (Page 112.)

2. SAME—ALLEGATION OF INTENT.—An indictment for burglary which alleges an entry "with the felonious and burglarious intent," the personal property of the said H., being in said house, "feloniously and burglariously to steal, take and carry away," is defective in failing to allege an intent to commit a felony. (Page 112.)

3. HEARSAY EVIDENCE—WHEN PREJUDICIAL.—Where the proof of defendant's guilt in a burglary case is otherwise doubtful, it is prejudicial error to permit a witness, who has seen the property alleged to have been burglariously stolen, to state that, from a description given him by another, he recognized such property as belonging to the injured party. (Page 113.)

Appeal from Independence Circuit Court.

RICHARD H. POWELL, Judge.

*W. S. Wright* and *S. D. Campbell*, for appellant.

An indictment must be direct and certain as to the facts

and material circumstances of the offense. Sand. & H. Dig.
§§ 2074, 2090; 29 Ark. 68; *ib.* 168; 26 Ark. 323. The description of a house as "being used and possessed by one John
Head" is not sufficient in an indictment for burglary. 2 Enc.
Pl. & Pr. 747; 4 Enc. Forms, 139; 1 Whart. Cr. Law, § 816;
Clark, Cr. Proc. 214; 56 Ark. 365; 33 Ark. 518; 32 Ark. 704.
In an indictment for burglary, when larceny is the felony intended, it is necessary to allege that defendant intended to commit *grand* larceny. 49 Ark. 514; 61 Ark. 241; 1 Whart. Cr.
Law, § 818; 2 Am. & Eng. Enc. Law, 689, *note.* The value
of the property should have been alleged. Clark, Cr. Proc. 216;
Clark. Cr. Law, 244; Whart. Cr. Pl. & Pr. § 213; 33 Ark.
567. The words "felonious and burglarious," preceding the
word "intent," do not supply the defect. Clark, Cr. Proc. 156;
38 Ark. 519; Clark, Cr. Proc. 161; 2 Enc. Pl. & Pr. 772,
773, 777; 32 Ark. 712; 33 Ark. 518; 43 Ark. 348; 61 Ark.
244; 62 Ark. 539; 53 Ark. 566. There was no breaking and
entry of the house. Clark, Cr. Law, 232; Whart. Cr. Law, §
759. The evidence as to the time of the breaking does not
show it was at night. 46 Pac. 801. The court erred, also, in
giving and refusing instructions.

*E. B. Kinsworthy,* Attorney General, and *Chas. Jacobson,*
for appellee.

The indictment sufficiently describes the house. 13 Tex.
App. 464; 112 Mass. 458; 87 Ky. 189; 2 Bish. Cr. Proc. §
137; Wh. Cr. Law, § 804; 63 Ark. 618; Sand. & H. Dig. §§
2076, 2074, 2090. The charge that defendant broke into the
house with "a felonious and burglarious intent * * * to
steal, etc," is sufficient. 94 Cal. 595. The breaking was sufficient. 68 Ala. 96; Sand. & H. Dig. § 1493. The indictment
and proof are sufficiently clear that the crime was committed at
night. 63 Ga. 141; 9 Tex. App. 396; 43 Fitch, 417.

BATTLE, J. Lawrence Reed was indicted for, and convicted of, burglary. He asks that this conviction be set aside,
and that a new trial be granted to him. We will consider only
two grounds upon which he asks this relief, the sufficiency of
the indictment and admissibility of evidence.

The indictment, without the caption, is as follows: "The

said Lawrence Reed, on the 27th day of August, 1898, in the county and state aforesaid, and during the night time of said day, a certain house there situated, and being used and possessed by one John Head, feloniously and burglariously did break and enter, with the felonious and burglarious intent, the personal property of the said John Head, being in said house, feloniously and burglariously to steal, take and carry away, against," etc.

Appellant, Reed, insists that this indictment is defective because the house broken and entered into is not sufficiently described, and the felony which he intended to commit is not properly charged.

We think that the house is sufficiently described. Was the intent with which it was entered as charged sufficient to make the breaking and entering a burglary? Burglary, as defined by the statutes, "is the unlawful entering a house, tenement, railway car, or other building, boat, vessel, or water craft, in the night time, *with the intent to commit a felony.*" The intent, as stated in the indictment, is as follows: "With the felonious and burglarious intent, the property of the said John Head, being in said house, feloniously and burglariously to steal, take and carry away." The offense intended to be committed, as charged, was larceny, but it is not shown that it was a felony; there being two grades of larceny, one a misdemeanor, and the other a felony. But it is contended that the larceny which the appellent intended to commit is shown to be a felony by the use of the words, "feloniously * * * to steal, take and carry away." That is not true. All larceny, as defined by the statute, "is the felonious stealing, taking and carrying, riding or driving away the personal property of another." The grade is fixed by the punishment, all offenses punishable by imprisonment in the penitentiary being made felonies by the statutes of this state; and the punishment is regulated by the value of the property stolen, the statutes providing that a person convicted of larceny, when the value of the property stolen exceeds ten dollars, shall be punished by imprisonment in the penitentiary, and when the value of the property stolen does not exceed ten dollars, he shall be punished by imprisonment in the county prison and fine. Consequently,

the grade of larceny, of which any one may be accused, can be shown in an indictment only by a statement of the value of the property stolen. Except as to the value of the property stolen, the elements of both grades are the same. The words, "feloniously steal, take and carry away," when used in an indictment for larceny, can describe no element which is not necessary to constitute either grade. It follows, then, that the indictment fails to show that appellant broke and entered the certain house used and occupied by John Head with the intent to commit a felony, and in this respect is fatally defective.

A part of the property stolen was meat and a bucket. Before they were found, Head described them to C. B. Burchfield, in the absence of appellant. In the trial Burchfield was allowed to testify, over the objections of the appellant, as follows: "Rutledge found a bucket of meat under the house, and from the description that Head had given me previously I recognized it as Head's bucket, and also recognized the meat as being similar to the meat which Head stated to me he had lost." This testimony was incompetent, and should have been excluded. Before its admission, Head had testified that the meat and bucket were his property, and the statement of Burchfield added strength to his testimony. On account of the doubt in which the evidence adduced at the trial left the guilt of appellant, the incompetent testimony of Burchfield was prejudicial. *Lewis* v. *State*, 62 Ark. 496.

For the errors indicated, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.