MINTER v. STATE.

Opinion delivered January 10, 1903.

1. BURGLARY—DEFINITION.—Under Sand. & H. Dig., § 1492, if one either break or enter the house of another in the night time with intent to commit a felony, he is guilty of burglary. (Page 179.)

2. SAME—EVIDENCE.—Proof that defendant removed some slats on the outside of a window, and removed some tacks and putty from a window sash, without removing the glass, is not sufficient to sustain a charge of burglary. (Page 179.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*Jas. C. Tappan* and *R. W. Nichols,* for appellant.

The variation in the allegation and proof is fatal. 1 Bish. Cr. Pro. §§ 488, 582, 584; 2 Whar. Cr. L. § 1610; 1 Russell, Cr. 826. An attempt to break into a house does not constitute burglary. 49 Ark. 516; 25 Ark. 44.

*Geo. W. Murphy, Attorney General,* for appellee.

The allegation as to ownership was proper. 115 Ill. 17; 68 Iowa 611; 69 Ind. 159; 38 Ga., 165; 35 Fla. 171; 33 Tex. Cr. 504; 20 Wis. 630; 66 Ark. 65; Sand. & H. Dig. §§ 2076, 2080, 2089. A sufficient "breaking" was proved. Sand. & H. Dig. § 1494; 81 Ia. 93; 38 Kan. 50; Bish. Stat. Cr. § 312.

RIDDICK, J. The defendant, Jeff Minter, was tried and convicted on an indictment charging him with having committed the crime of burglary by breaking into the store house of Wooten & Agee, with the intent to commit a felony. No objection is made to the indictment, but it is contended that the evidence does not show that any crime was committed. The facts are that a night watchman on a night in July saw a man whom he believed to be the de-

fendant standing at the window of the store of Wooten & Agee. When the watchman approached, the man ran away, and the watchman examined the window, and found that two slats on the outside of the window and about six inches from it had been broken, and that the putty and tacks holding a pane of glass in the window sash had been taken out, but the glass was still in place, and no opening had been made into the house.

Under our statute, it is no longer necessary, as at common law, to show both a breaking and entering of the house to make out the crime of burglary, but in this state, if one either break or enter the house of another in the night time with intent to commit a felony, he is guilty of burglary. Sand. & H. Dig. §§ 1492, 1494. But it is necessary to show either a breaking or an entrance. No one contends that there was an entry of the house by the defendant in this case, and in our opinion no breaking is shown. Actual breaking, as applied to burglary, means the making of an opening or mode of entrance into a building by force. 5 Am. & Eng. Enc. Law (2d Ed.) 45; Bishop, Stat. Crimes (3d Ed.) 312.

But the evidence does not show that any opening was made into the house. The defendant removed some slats on the outside of the window, and removed some tacks and putty from the window sash, but the glass of the window sash was still in place, and was between the defendant and the inside of the house. We are, therefore, of the opinion that the evidence did not show either a breaking or an entry into the house, and that the crime charged was not proved. *State* v. *McCall,* 4 Ala. 643; 39 Am. Dec. 314; 2 Bishop, New Crim. Law, § 95.

Judgment reversed, and cause remanded for a new trial.