## WALLACE v. STATE.

Opinion delivered April 24, 1911.

BURGLARY—VARIANCE.—Proof that defendant, accused of burglary, broke into "Jim Ward's saloon" will not sustain an indictment for breaking a house "used and occupied by Till Shaw," in the absence of any proof connecting such saloon with the house used and occupied by Till Shaw.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Falconer & Woods,* for appellant; *Edwin Hiner,* of counsel.

There is a fatal variance between the allegations of the indictment and the proof. There is no proof whatever that the building was owned, used or occupied by Till Shaw, nor that the object of the intended larceny was his property. The variance therefore is double; first in respect to the ownership of the premises entered, and, second, as to the ownership of the goods intended to be stolen. Bishop's New Crim. Proc. § 137; 6 Cyc. 227; 88 Ala. 113; 16 Am. St. Rep. 23; 77 Miss. 370, 78 Am. St. Rep. 527;; 86 N. Y. 360; 40 Am. Rep. 548; 8 Cent. Dig. "Burglary," § 72. See also 73 Ark. 169; *Id.* 32; 55 Ark. 244; Bishop's New Crim. Proc. § § 142, 147; 62 Ark. 538.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

Confess error because of variance.

KIRBY, J. Appellant was tried and convicted of the crime of burglary in the lower court on the following indictment:

"The Grand Jury of Sebastian County, for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, Lem Wallace, of the crime of burglary, committed as follows, towit:

"That the said Lem Wallace, in the county, district and State aforesaid, on the 8th day of January, 1911, and during the night time of said day, a certain house there situated and used and occupied by Till Shaw, feloniously did break and enter with the felonious and burglarious intent, the property of the said Till Shaw of the value of $25 being in said house, feloniously and burglariously to steal, take and carry away, against the peace and dignity of the State of Arkansas."

The testimony tends to show that if a burglary was committed it was by entry of Jim Ward's saloon on Towson Avenue, Fort Smith, Arkansas, and there was no testimony whatever of a breaking and entry by defendant or those with whom he was acting "of a certain house * * * used and occupied by Till Shaw." The Attorney General confesses error because of the variance in the proof. The confession of error is sustained. The variance was fatal. The description of the house as "used and occupied by Till Shaw" was sufficient, but proof of the breaking and entering of Jim Ward's saloon, not shown to have been connected

in any way with the house used and occupied by Till Shaw, and with which saloon Till Shaw was not shown to have any relation, does not sustain a conviction upon the indictment. *Reed* v. *State,* 66 Ark. 110; 6 Cyc. 227; Bishop's New Criminal Procedure, § 137; *Aldridge* v. *State,* 88 Ala. 113, 16 A. S. R. 23; *Jones* v. *State,* 77 Miss. 370, 78 A. S. R. 527; *Rodgers* v. *People,* 86 N. Y. 360, 40 Am. Rep. 548.

The judgment is reversed, and the cause remanded for a new trial.