MITCHELL AND THURMAN *v.* STATE.

4292                                                    169 S. W. 2d 867

Opinion delivered March 29, 1943.

*E. M. Ditmon,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, C. J. By information it was charged that Paul Mitchell and Warren Thurman feloniously broke into a garage "located at 408½ North Sixth Street, Fort Smith, Arkansas, and the property of Miss Eunice Lewis," with the intent to commit a felony.

During trial it was shown that the building was owned by Curtis Wright. Miss Lewis, a tenant, kept her automobile in a garage belonging to Wright. It was back of the residential property, and was entered by the defendants for the purpose of stealing tires.

The State moved to amend the information by eliminating the words, "and the property of," and by substituting "occupied by." The defendants objected and saved exceptions when the court ruled against them. This—the only error alleged—is relied upon for reversal.

We are cited to *Reed* v. *State*, 66 Ark. 110, 49 S. W. 350, and *Wallace* v. *State*, 99 Ark. 92, 137 S. W. 551. In the Reed case the indictment charged the defendant with having feloniously broken into a certain house "being used and possessed by one John Head." Description of the property was held to be sufficient, but the judgment was reversed upon another ground.

A headnote to the Wallace case is: "Proof that defendant, accused of burglary, broke into 'Jim Ward's saloon,' will not sustain an indictment for breaking [into] a house 'used and occupied by Till Shaw,' in the absence of any proof connecting such saloon with the house used and occupied by Till Shaw." While the opinion held the variance to be fatal, it was said: "The description of the house as 'used and occupied by Till Shaw' was sufficient, but proof of the breaking and entering of Jim Ward's saloon, not shown to have been connected in any way with the house used and occupied by Till Shaw, and with which saloon Till Shaw was not shown to have any relation, does not sustain a conviction upon the indictment."

Neither case is authority for the rule sought to be invoked by the appellants.

But conceding that greater strictness was required under the older statutes, Initiated Act No. 3 of 1936 (page 1384 of the Acts of 1937) permits trial courts to authorize corrections as to form. While it is true that § 22 of the initiated Act directs that language of an indictment [or information—see Amendment No. 21] be certain "as to the title of the prosecution, the name of the court in which the indictment is presented, and the names of the parties," *title*, as used in the section, relates to the authority under which the proceeding is brought (as, for example, "*State of Arkansas* v. *John Doe*")— and not to ownership of property alleged to have been stolen.

In the instant case the court properly permitted the information to be amended. See *Bennett and Holiman* v. *State*, 201 Ark. 237, 144 S. W. 2d 476, 131 A. L. R. 908; *Johnson* v. *State*, 197 Ark. 1016, 126 S. W. 2d 289.

Affirmed.