INGLE AND MICHAEL *v.* STATE.

4440                                                   198 S. W. 2d 996

Opinion delivered January 27, 1947.

*E. M. Ditmon,* for appellants.

*Guy E. Williams,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

HOLT, J. A jury found Houston Ingle and Eddie Michael guilty of the crime of burglary and fixed the

punishment of each at three years in the state penitentiary. From the judgment comes this appeal.

Eleven alleged errors are assigned by appellants, as follows: (1, 2, 3 and 4) that the evidence was not sufficient to support the verdict; (5 and 6) that the court erred in permitting the prosecuting attorney to amend the information during the course of the trial; (7) error in giving instruction No. 4; (8 and 9) error in refusing appellants' offered instructions 1 and 2; and (10 and 11) that the court erred in instructing the jury "that the offense of burglary was committed by a mere breaking without any entry into the building."

### (5 and 6)

We consider first, assignments 5 and 6. The information based on § 3061 of Pope's Digest "accuses the defendants, Houston Ingle and Eddie Michael, of the crime of burglary committed as follows, to-wit: The said defendants, in the county, district and state aforesaid, on the 12th day of June, 1946, did unlawfully and feloniously and burglariously break and enter a certain building located at 112 Towson Avenue, Fort Smith, Arkansas, and occupied by the Hayes Furniture Company, a corporation, with the unlawful and felonious intent then and there to commit a known felony, to-wit: Grand larceny, against the peace and dignity of the State of Arkansas."

During the course of the trial, the prosecuting attorney was permitted to amend the information by inserting the words "in the night time" after the words "break and enter" and to strike out "a corporation" after the words "Hayes Furniture Company." Appellants say error was committed in striking the word "corporation." We cannot agree.

Section 3853 of Pope's Digest provides: "The prosecuting attorney or other attorney representing the State, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended, nor bill of particulars filed, so as to change the nature of the crime

charged or the degree of the crime charged. All amendments and bills of particulars shall be noted of record."

As to the effect to be given this section, in the recent case of *Tate* v. *State,* 204 Ark. 470, 163 S. W. 2d 150, where the court had permitted the information to be amended, in circumstances similar to these here presented, we said: "Still another reason why no error was committed is that § 24 of Initiated Act 3, adopted at the General Election November 3, 1936 (now § 3853 of Pope's Digest) permits the amendment of indictments or informations. The only limitation on such amendment is that it relate to 'matters of form,' and not 'change the nature or the degree of the crime charged.' . . . In *Brewer* v. *State,* 195 Ark. 477, 112 S. W. 2d 976, this court in construing the effect of § 3853 of Pope's Digest, said: ' . . . So, it will be seen that an indictment may be amended under this section with leave of the court provided it does not change the nature of the crime or the degree thereof. The amendment did not have the effect of changing the nature of the crime or the degree thereof. So the court properly permitted the amendment.' See, also, *Johnson* v. *State,* 197 Ark. 1016, 126 S. W. 2d 289," and in the more recent case of *Mitchell and Thurman* v. *State,* 205 Ark. 596, 169 S. W. 2d 867, we said: "But conceding that greater strictness was required under the older statutes, Initiated Act No. 3 of 1936 (page 1384 of the Acts of 1937) permits trial courts to authorize corrections as to form. While it is true that § 22 of the initiated Act directs that language of an indictment (or information—see Amendment No. 21) be certain 'as to the title of the prosecution, the name of the court in which the indictment is presented, and the names of the parties,' title, as used in the section, relates to the authority under which the proceeding is brought (as, for example, 'State of Arkansas v. John Doe')—and not to ownership of property alleged to have been stolen."

So here, the amendment allowed by the court did not have the effect of changing the nature of the crime or the degree thereof.

## (1, 2, 3, 4 and 7)

Nor can we agree with appellants that the evidence was not sufficient to support the jury's verdict or that there was error in giving instruction No. 4. The material facts were: On the night of the burglary, Mr. H. A. McLean, who lived near the Hayes Furniture Store, testified that he heard breaking glass in the alley back of the store and heard two persons in the alley near the store and he called the police.

Fred B. Hayes, a part owner in the store, testified that there were three doors about thirty inches wide, each equipped with glass about twenty-four inches wide and thirty inches high, with iron bars about eight inches apart and bolts to keep intruders from breaking in. There was a catch at the bottom of the doors, and the morning following the burglary, he examined these doors, the glass had been broken and there was sufficient room for a man to get his hand through behind the iron bars and pry off the locks, that the glass being broken out, a person's arm could be reached between the bars, take hold of the cross bars and take them off.

Fletcher Bell, a police officer, testified that in answer to a summons, he approached the Hayes Furniture Company through an alley in his car and as his lights flashed down the alley, he observed the appellants who ran, but were apprehended. He further testified that the latch at the bottom of the door was torn loose, the plate and nails at the top had been pulled out, the hardware cloth over the north door, which was secured by a strip about three inches wide, had been torn off, along with the nails on this strip, the glass was broken out and was seven or eight feet inside of the building where it had been shattered, that he found a pinch bar and a pitch fork lying on the ground near the back door which were long enough to reach the top of the door, that there were iron bars inside the door about three-fourths of an inch wide and about eight inches apart, merchandise in the building, that the doors had a padlock and bars all the way across the two doors which dropped in a slot with the padlock in the center, the lock at the top of the door

was pried loose, and when he arrived at the store, appellants were at the back door and there were pieces of furniture and a blowtorch in the building. He further testified that a hand could be reached through the doors and take hold of the bars with the doors locked and that the opening at the top of the doors was about ten inches wide.

Mr. Ralph Swift, another police officer, corroborated Mr. Bell's testimony, and, in addition, testified that the blowtorch was sitting eight or ten inches inside the door.

Appellants offered no testimony.

Among the instructions given by the court was the following No. 4 complained of by appellants: "You are instructed that it is not necessary to prove both a breaking and an entering of the building in order to make out the crime of burglary. If one either break or enter a building of another with the unlawful, felonious and burglarious intent to commit grand larceny he is guilty of burglary. In this connection you are instructed that breaking means the making of an opening or mode of entrance into a building by force and it is not necessary that there should have been an absolute entrance by the whole body, but it is necessary that some act of physical force, however slight, by which an obstruction to entering the building was forcibly removed."

This instruction, based upon § 3061, *supra,* was a correct declaration of the law on the facts presented by this record. Section 3061 provides: "If any person shall, in the night time, willfully and maliciously, and with force, break or enter any house, tenement, boat, or other vessel or building, although not specially named herein, with the intent to commit any felony whatever, he shall be deemed guilty of burglary." (Rev. Stat., chap. 44, div. 4, art. 2, § 2.)

Beginning with *Minter* v. *State,* 71 Ark. 178, 11 S. W. 944, 23 A. L. R. 289, this court has consistently held that in order to prove burglary under this section, it is not necessary to prove both a breaking and entering of the building in question to work a felony therein, it

being only necessary to prove either. In the Minter case, it was said: "Under our statute, it is no longer necessary, as at common law, to show both a breaking and entering of the house to make out the crime of burglary, but in this state, if one either break or enter the house of another in the night time with intent to commit a felony, he is guilty of burglary. Sand. & H. Dig. §§ 1492-1494, (now §§ 3058, 3060 and 3061 of Pope's Digest). But it is necessary to show either a breaking or an entrance."

In *Anderson* v. *State,* 84 Ark. 54, 104 S. W. 1096, this court said: " 'The manner of the breaking or entering is not material, further than it may show the intent of the offender.' Section 1604, Kirby's Digest (now § 3060 of Pope's Digest). The statute does not change the character of the 'breaking' that was essential at common law to complete the offense. Such breaking at the common law was 'any disrupting or separating of material substances in any enclosing part of a dwelling house, whereby the entry of a person, arm; or any physical thing capable of working a felony therein may be accomplished.' "

Here the testimony shows, and the jury evidently found, that after the hardware cloth was removed and the large panes of glass in the door smashed, the iron cross-bars about eight inches apart alone prevented the physical entry of appellants to the building, certainly they were able to insert their arms through the openings torn through the doors.

When we consider all of the testimony presented in the light most favorable to the jury's verdict and the State, as we must do, (*Higgins* v. *State,* 204 Ark. 233, 161 S. W. 2d 400) we think the jury was warranted in finding that there was a breaking within the meaning of the statute and that the evidence was sufficient to meet the test announced in *Anderson* v. *State, supra.*

### (8 and 9)

Appellants complain about the court's refusal to give their requested instructions 1 and 2. Instruction

No. 1 was a request for an instructed verdict of not guilty, and the effect of instruction No. 2 was to tell the jury that appellants could not be found guilty unless the jury found that "either of them actually entered into the building as alleged in the information." As we have pointed out above, no error was committed in refusing these instructions.

(10 and 11)

Since, as we have pointed out, the court properly gave instruction No. 4, *supra,* appellants' assignments of error, 10 and 11, are without merit.

On the whole case, finding no error, the judgment is affirmed.