LEO THOMPSON *v.* STATE OF ARKANSAS

5689                                    477 S.W. 2d 469

Opinion delivered March 6, 1972
[Rehearing denied April 10, 1972.]

*Sam L. Anderson,* for appellant.

*Ray Thornton,* Attorney General; *John D. Bridg-forth,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Leo Thompson, appellant herein, was convicted by a jury of the crime of burglary and his punishment assessed at two years confinement in the Arkansas Department of Correction. Thompson was also charged as an habitual criminal, it being alleged that there were five prior felony convictions, and the jury, after sitting again,[1] and hearing

---

[1]See Ark. Stat. Ann. § 43-2330.1 (Supp. 1971).

the evidence of these prior convictions, retired, and fixed his punishment in this second verdict at twenty-five years confinement in the Arkansas Department of Correction.[2] From the judgment so entered, appellant brings this appeal. For reversal, five points are listed, though the first three all relate to the contention that there was no substantial evidence to support the conviction.

The proof reflected that Officers Wells and Nelson of the Texarkana, Arkansas, Police Department were on routine patrol on the night of November 7, 1970, when they observed appellant breaking into the Lion Service Station at East and Edwards Street in Texarkana a short time after midnight. Both officers heard glass break, and observed Thompson sticking his hand through the glass of the door to the building. Wells observed Thompson with his right hand inside the front door extended to the lock trying to get the door open. The officers, who were in a patrol car, drove to the next block, turned and came back to the entrance of the Lion Station, at which time appellant started to walk off. According to the officers, Thompson had been drinking, but was not drunk, and had a cut on his right hand.[3] The proof reflected that the door could not be opened from either the inside or outside without a key, and the evidence further reflected that the properties nearest the door, cans of oil, were approximately eight feet back from the door. It is this circumstance that occasions appellant's principal argument, *viz*, that he could not have been guilty of burglary, because, since he had no key to open the door, and could not reach the cans of oil, there could have been no burglary, Thompson not being capable, under the circumstances, of committing a folony. Appellant cites *Anderson* v. *State*, 84 Ark. 54, 104 S. W. 1096, where this court said:

"The 'breaking' disclosed by these facts was not sufficient under our statute to constitute the crime of burglary. * * * The statute does not change the character of the 'breaking' that was essential at common law to

---

[2]See Ark. Stat. Ann. § 43-2328 sub-section (3) (Supp. 1971).

[3]Thompson told the officers that he received the cut on his hand from a fight at a "drive-in".

complete the offense. Such breaking at the common law was "any disrupting or separating of material substances in any enclosing part of a dwelling house, whereby the entry of a person, arm, or any physical thing capable of working a felony therein may be accomplished.' * * * The essentials of the above definition as to the 'breaking' must be met by proof before the crime of burglary by 'breaking' is complete. The proof in this case falls short of it. There was no 'opening or mode of entrance' here by which a felony could have been committed within the building. [citing case] The only opening into the building was the hole in the door, and it is not shown that it was possible to abstract anything through this opening, or that any latch or fastening could have been reached whereby to effect an entrance. Therefore the judgment has no evidence to support it, and the cause is reversed and remanded for new trial."

*Terry* v. *State,* 238 Ark. 426, 382 S. W. 2d 361, quotes the above language from *Anderson,* and the case was reversed on the basis that appellant was not guilty of burglary, but in both *Anderson* and *Terry,* it is mentioned that there was no entry into the house. In *Anderson,* the hole in the door was too small to admit a hand, and in *Terry,* the opinion reflects that all of Terry's acts occurred on the outside, and no part of his body was ever inside the house. This is quite different from the case at hand where the state's proof is positive that appellant's hand was sticking through the glass door, and was thus inside the building.

While we are not convinced by appellant's argument that there was no breaking, a discussion of that contention is unnecessary since there was substantial evidence that there was an entry, and we have held that both a breaking and entry need not be shown to convict of burglary; *either* is sufficient to constitute the crime. As early as 1903, this court held that it was not necessary to prove both a breaking and entering to make out a case of burglary. See *Minter* v. *State,* 71 Ark. 178, 71 S. W. 944; also *Ingle* and *Michael* v. *State,* 211 Ark. 39, 198 S. W. 2d 996. Of course, this is in accord with our statute, Ark. Stat. Ann. § 41-1001 (Repl. 1964) which defines burglary as follows:

"Burglary is the unlawful breaking *or*[4] entering a house, tenement, railroad car, automobile, airplane, or any other building, although not specially named herein, boat, vessel or water craft, by day or night, with the intent to commit any felony or larceny."

In 2, Anderson, Wharton's Criminal Law and Procedure, § 421 p. 42, under a discussion of "Entry" we find:

"At common law, burglary requires an entry into the dwelling place. Accordingly, it is not burglary when the defendant merely breaks open the outer shutter, but does not get his hand through the glass pane.

Any penetration, however slight, of the space within the house by the defendant, or by any part of his body or by any instrument inserted for the purpose of perpetrating a felony therein, is a sufficient entry. Accordingly, it is a sufficient entry when the defendant reaches his finger, hand, or arm inside the house, for the purpose of committing the intended felony, such as taking out property."

It will be noted from our statutory definition of the crime of burglary, and from the authority just cited, that a principal element in breaking or entering is the fact that the act is committed with the intent to commit a felony. Here, certainly the facts testified to by the officers support such a finding, and there is no testimony to the effect that the entry of the hand into the building (which was for the purpose of unlocking the door so that the entire body of appellant could enter) was done with any intent to enter the building for some other purpose than that of committing a felony.[5]

It follows that there is no merit in appellant's contention that the facts do not support the crime of burglary.

---

[4]Our emphasis.

[5]The appellant did not testify.

It is next urged that the manner of presenting prior felony convictions constituted error. Ark. Stat. Ann. § 43-2330 (Repl. 1964) reads as follows:

"The duly certified copy of the record of a former conviction and judgment of any court of record for imprisonment in the penitentiary against the person indicated or the certificate of the warden or other chief officer of any penitentiary of this State or any other State in the United States, or the Federal Government or of any foreign country, or of the chief custodian of the records of the United States Department of Justice, containing the name and the fingerprints of the person imprisoned as they appear in the records of his office shall be prima facie evidence on the trial of any person for a second and subsequent offense, of the conviction and judgment of imprisonment in the penitentiary and may be used in evidence against such person."

In the instant case the Circuit Clerk of Miller County produced the official records involving the prior convictions of appellant;[6] these of course, were originals and not copies. The clerk, and the men who preceded him as clerk, these latter having served as circuit clerk during earlier convictions, identified the records, and in addition, identified appellant as the person convicted in the earlier cases. Of course, in numerous instances, prior convictions occurred in some other state, and the purpose of the statute requiring the certificate is the protection of the defendant, i. e., to prevent incompetent, erroneous, or mistaken evidence relating to prior convictions from being offered. Certainly, the evidence offered in this case was stronger and unquestionably more reliable than certified copies and appellant could not possibly have been prejudiced by the admission of these original records and testimony.

Finally, it is urged that the Arkansas Habitual Criminal Statute is unconstitutional, it being urged that, in this case, the twenty-five years imprisonment constitutes excessive, cruel, unusual, and inhumane punish-

---

[6]All prior convictions used occurred in Miller County.

ment. This same contention was raised in *Dolphus* v. *State*, 248 Ark. 799, 454 S. W. 2d 88, and was rejected.

Affirmed.

BROWN, J., not participating.