## Jacky D. ALBRIGHT *v.* STATE of Arkansas

5785                                   488 S.W. 2d 11

Opinion delivered December 18, 1972

*W. Gary Kennan,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Julie W. McDonald,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. Jacky D. Albright was charged with the crime of burglary on information filed by the prosecuting attorney in the Benton County Circuit Court. He was found guilty at a jury trial and was sentenced to six years in the Arkansas Penitentiary. On appeal to this court Albright assigns error under points designated as follows:

> "That the information was amended without said amendment being noted of record or the trial court granting such an amendment.
>
> That there was a fatal variance between the allegations and the proof; and therefore, there was no substantial evidence to sustain the verdict."

We find no merit in either assignment.

Police officers in Rogers received information about 8:30 p.m. that something unusual was going on at Consumer's Pharmacy about seven blocks distance from the police station. A police officer drove an unmarked police car into an alley at the rear of the store and Albright was apprehended as he and his co-defendant Howell ran from the west side of the store. Albright was wearing black gloves and was carrying a sledge hammer and some screwdrivers wrapped in a sack bearing the name of a linen service in Oklahoma City. The officers testified that the lock on the outside door at the west side of the building had been battered in and the door had been opened. The building had been entered as evidenced by some boxes that had been removed from a shelf near the door and left setting on the floor. The officers testified without contradiction, that the gloves worn by Albright and the hammer he carried bore visible particles of paint similar to the paint on the battered lock and door of the drugstore. They furthermore testified that Albright admitted that he had taken drugs and stated that he and his companion, a Mr. Howell, were passing through Rogers and needed a "fix" and when they saw the Consumer's Pharmacy had no strip on the door indicating a burglar alarm, they "hit it." The evidence is amply sufficient to sustain the conviction for burglary.

Returning now to the assigned error, the information charged Albright and Howell with the crime of burglary on a printed form ending with the printed words "did unlawfully" and then followed by the remainder of the charge in typewritten words with alteration as follows:

or
"willfully and feloniously break ~~and~~ enter a certain building, to-wit, Consumer's Pharmacy in the City of Rogers, Arkansas, with intent then and there to commit a larceny. . . ."

It will be noted that the information form as originally typed charged "breaking *and* entering." At some point,

not made clear in the record, a line was drawn through the word "and" as above indicated and the word "or" was substituted. Albright now contends that this change was made without authority from the trial court and that the information was thus amended in derogation of Ark. Stat. Ann. § 43-1024 (Repl. 1964) which reads as follows:

> "The prosecuting attorney or other attorney representing the State, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended, nor bill of particulars filed, so as to change the nature of the crime charged or the degree of the crime charged. All amendments and bills of particulars shall be noted of record."

We find no merit at all in Albright's contention. In the first place there is no evidence that the change was made *after* the information was drawn rather than *at the time* it was drawn, and regardless of when the change was made, it did not "change the nature of the crime charged or the degree of the crime charged." In the second place, Albright could not have been prejudiced by the change under the evidence in this case, regardless of when the change was made, and furthermore he objects to the change or amendment for the first time on this appeal.

Burglary is defined by Ark. Stat. Ann. § 41-1001 (Repl. 1964) as follows:

> "Burglary is the unlawful breaking or entering a house, tenement, railroad car, automobile, airplane, or any other building, although not specially named herein, boat, vessel or water craft, by day or night, with the intent to commit any felony or larceny."

Prior to the passage of Act 185 of 1955 we had two statutory criminal Acts constituting the crime of burglary. Section 41-1001 originally defined burglary only as "the unlawful *entering* a house," etc. Ark. Stat. Ann.

§ 41-1004 originally provided "If any person shall in the *nighttime* willfully and maliciously, and with force, break or enter any house . . . he shall be deemed guilty of burglary." Prior to Act 185 the wording of an indictment or information was important in distinguishing night and daytime burglaries; the daytime burglary requiring proof of entry, and breaking only was no offense when done in the daytime under § 41-1001. Under the "nighttime" statute, § 41-1004, either breaking *or* entering constituted the offense. (See *Mouser* v. *State*, 215 Ark. 131, 219 S. W. 2d 611). By Act 185 of 1955 § 41-1004 was repealed and § 41-1001 was amended to its present form.

We have held under § 41-1004 prior to its repeal, that either the act of breaking or the act of entering may constitute the crime of burglary if committed in the nightime in violation of that statute. *Minter* v. *State*, 71 Ark. 178, 71 S. W. 944; *Ingle and Michael* v. *State*, 211 Ark. 39, 198 S. W. 2d 996; *Mouser* v. *State, supra*. We now hold that either the separate act of breaking or the separate act of entering either in the daytime or nighttime in violation of § 41-1001, *supra*, constitutes the crime of burglary.

Returning now to the case at bar, if Albright was charged with both the acts of breaking *and* entering, he could have been found guilty of burglary under § 41-1001 upon proof that he committed either the act of breaking or the act of entering whereas under the statute prior to the 1955 amendment, he could not have been found guilty of burglary by only the proof of breaking unless it was alleged and proved that the acts occurred in the nighttime. If Albright was charged in the language of the statute with breaking *or* entering, still he could be found guilty of burglary upon proof that he committed either the act of breaking or the act of entering the building in violation of the statute, consequently, Albright could not have been prejudiced by changing "and" to "or" in the information, or by proving him guilty of only one of the acts constituting the crime of burglary when the proof of two separate acts would have added

nothing to, or subtracted anything from, the offense charged or the penalty that could be imposed.

Albright did not testify at the trial but at the close of the state's evidence he moved for a directed verdict for the alleged reason that the state had not proved "the fact of any breaking *or* entering into the building *as charged* to *by the information.*" (Emphasis added).

The trial court in instruction No. 5 instructed the jury that the information alleged that Albright "did unlawfully, willfully and feloniously break *or* enter the building of Consumer's Pharmacy. . ." (Emphasis added). The trial court gave to the jury instructions Nos. 8 and 9 as follows:

> "You are instructed that burglary is the unlawful breaking or entering a building, by day or night with the intent to commit any felony or larceny.
>
> If you find beyond a reasonable doubt that defendant, Jacky Albright, did, in Benton County, Arkansas, on the date stated in the information or within three years before the filing of the information, break or enter the building of Consumer's Pharmacy with the intent to commit any felony or larceny, you will find defendant guilty of burglary. If you do not so find, or if you have a reasonable doubt thereof, you will find defendant not guilty."

These instructions correctly stated the law and there was no objection to them. Apparently as the instructions were being given one of the jurors had a question directed to instruction No. 5. The record as to the juror's question appears as follows:

> "THE COURT: I understand you have a question?
>
> MR. TURNER: Yes, sir, we don't understand the term 'burglary.' Does it mean breaking and entering or, breaking or entering?

THE COURT: The statute says breaking or entering with the intent to commit larceny, breaking or entering, either one.

MR. KENMAN: Your Honor, the information states breaking and entering, however—

THE COURT: The statute says breaking or entering."

The judgment is affirmed.